ALEX HENDERSON, *Plaintiff in Error*, v. THE STATE OF FLORIDA, *Defendant in Error*.

CRIMINAL LAW—MOTION IN ARREST OF JUDGMENT—CONDITIONAL PARDON—BREACH OF CONDITIONS IN—JURISDICTION TO ADJUDGE BREACH OF CONDITIONAL PARDON—VERDICT IN SECOND LARCENY.

1. Motions in arrest of judgment can be predicated only upon matters of *record in the cause*, and reach only infirmities in such record.

2. If on a trial of the defendant upon an information charging larceny as a second offense, a conditional pardon from the first offense, can avail the defendant as a defense to any extent, it constitutes a defense simply in mitigation of the penalty to be imposed on conviction of the second offense, and to avail the defendant as such mitigation of the penalty it should be proven at the trial for such second offense; it is too late to bring it forward for the first time after verdict in a motion for new trial, especially so when the information upon which he is tried alleges such former conviction, and that the crime it charges is a second offense.

3. Where a convict has accepted a conditional pardon and has been released from imprisonment by virtue thereof, but has violated or failed to perform the conditions or any of them, the pardon, in case of a condition precedent, does not take effect, and, in case of a condition subsequent, becomes void and the convict may thereupon be re-arrested and compelled to undergo the punishment imposed by his original sentence, or as much thereof as he had not suffered at the time of his release.

4. Where one of the conditions of a pardon of a convict for the crime of larceny is that he should thereafter during the term of his natural life lead a law-abiding life, and such convict is subsequently tried and convicted of a second larceny, such subsequent conviction is the most conclusive evidence of the violation of such condition in such pardon, and that the same was thereby annulled and rendered void and of no further force or effect for any purpose. Under these circum-

stances such a conditional pardon could not avail the defendant for any purpose or to any extent upon his trial for such subsequent   second offense,   either as ground for a new trial or otherwise.

5. Where a conditional pardon of a convict stipulates that the pardoning board or the Governor, upon being made satisfied, *ex parte*, of a breach of its conditions, might declare it to be void and order the convict's re-arrest and imprisonment on the original sentence, such stipulation, while valid and binding on the convict if accepted by him, does not furnish the exclusive method of adjudging a breach of such pardon and its consequent annulment.   Any court of competent jurisdiction, notwithstanding such stipulation, may likewise enquire into any alleged breach thereof and may annul it if satisfied of such breach.

6. On a trial under an information charging larceny and that it was a second offense, the following verdict: "We the jury find the defendant guilty of 2nd larceny," *Held*, to be sufficient to support a judgment of conviction and sentence for the crime of larceny as a second offense of larceny.

This case was decided by Division B.

Writ of Error to the Criminal Court of Record for Duval County.

The facts in the case are stated in the opinion of the court.

*Walter M. Davis,* for plaintiff in error;

*W. H. Ellis,* Attorney General, for the state.

TAYLOR, J.—The plaintiff in error as defendant below, was informed against in the criminal court of record of Duval county for the crime of larceny, the information also alleging a former conviction of the same crime in the same court.   At the trial the follow-

ing verdict was returned by the jury: "We the jury find the defendant guilty of 2nd larceny." Upon this verdict the defendant was sentenced to imprisonment in the state prison for ten years and for a review of this judgment brings his case here by writ of error.

The only error urged and argued here is that the court below erred in not granting the defendant's motion for new trial and motion in arrest of judgment made upon the ground that the defendant had been absolved from the former conviction of larceny by a conditional pardon granted to him prior to the last trial and conviction by the pardoning board of the state. The fact that there had been such a conditional pardon was not made known at the trial before verdict, but was advanced for the first time in a motion for new trial and also in a motion in arrest of judgment. In so far as the motion in arrest of judgment is concerned, such fact of pardon could not properly be made a ground thereof since it was not a matter of record in the cause, but was new matter, *dehors* the record, brought forward for the first time after verdict. Motions in arrest of judgment can be predicated only upon matters of record in the cause, and reach only infirmities in such record. Neither did such fact of a conditional pardon from the former conviction necessitate or warrant the grant of a new trial under the circumstances of this case. If the conditional pardon granted did in fact wholly absolve the defendant from the former conviction, so that it could not be accounted against him as a first or former conviction upon a second trial and conviction for the same crime, then such pardon constituted a defense in mitigation of the penalty at the trial for the new or second offense that should have been proven at the trial to have availed the defendant, and it was too late to bring it forward after verdict in a motion for new trial, especially is this true when the information upon which he was being

tried alleged such former conviction and that the crime it charged was a second offense. But, again, even if such conditional pardon was a proper matter to be urged for the first time in a motion for new trial, it cannot avail the defendant here. By an examination of the conditional pardon introduced on the motion for new trial we find that it was granted to the defendant upon the expressed condition that he should thereafter, during the term of his natural life, lead a sober, peaceable and law abiding life.

In the case of Alvarez v. State, 50 Fla. 24, 39 South. Rep. 481, it was held that where a prisoner has accepted a conditional pardon and has been released from imprisonment by virtue thereof, but has violated or failed to perform the conditions or any of them, the pardon, in case of a condition precedent, does not take effect, and in case of a condition subsequent, becomes void, and the criminal may thereupon be rearrested and compelled to undergo the punishment imposed by his original sentence, or as much thereof as he had not suffered at the time of his release.

By the conviction herein it was established in the most conclusive way, *viz*: by the formal judgment of a court of competent jurisdiction that the defendant had violated the conditions of said pardon subsequently to the grant thereof by again committing the same offense from which such pardon conditionally absolved him, and that consequently such pardon was wholly null and void. It will hardly be seriously contended that a man who commits larceny of the goods of his fellow-man leads a law-abiding life. It is further contended that because said conditional pardon stipulates that the pardoning board or governor, upon being made satisfied, *ex parte*, of a breach of its conditions by the defendant, might declare it to be void and order his rearrest and imprisonment on the original sentence, it remains in full force

and effect until the pardoning board or governor declare it void for a breach thereof, which action they had not taken.   There is no merit in this contention.   While such stipulations in conditional pardons are valid, and, if accepted by the convict, are binding on him, yet they do not furnish the exclusive method of adjudging a breach of such pardon or of its annullment.   Any court of competent jurisdiction may likewise enquire into any alleged breach thereof and may annul it if satisfied of such breach, notwithstanding such stipulations therein enabling the pardoning board or governor so to do. Alvarez v. State, *supra*.

It is further contended that no legal judgment can be imposed upon the verdict rendered.   There is no merit in this contention.   Our construction of the verdict, herein quoted, is that the jury found the defendant guilty of the crime of larceny of which he was charged in the information on which he was tried, and that it affirmatively found the further fact that such conviction was a second conviction of the same defendant of the same crime.   Thus viewed the sentence predicated thereon was proper.

This disposes of all the questions presented **and** argued, and finding no error, the judgment of the court below in said cause is hereby affirmed at the cost of Duval county, the defendant having been adjudged to be insolvent.

HOCKER and PARKHILL, JJ., concur;

SHACKLEFORD, C. J., COCKRELL and WHITFIELD, JJ., concur in the opinion.