TALTON A. BRANCH v. STATE.
163 So. 48.
Opinion Filed August 29, 1935.

*Martin & Martin,* for Appellant;

*Cary D. Landis,* Attorney General, and *Roy Campbell,* Assistant, for the State.

BUFORD, J.—The appeal in this case brings before us for review a decree of the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County dismissing petition of appellant which petition sought an order reinstating the petitioner in the court below, appellant here, as a practicing attorney in the Courts of the State of Florida. It is shown by the petition that the appellant Branch was admitted to the Bar of the Courts of Florida by an order entered by the Chief Justice and Justices of the Supreme Court of Florida on the 10th day of June, 1921. On the 24th day of October, 1925, information was filed in the Criminal Court of Record of Hillsborough County against Branch charging him with the offense of assault with intent to commit murder in the first degree. Said assault

was alleged to have been committed upon the person of Harry C. Beaty.

The judgment appearing in the record here fails to show the degree of unlawful assault of which Branch was convicted but the sentence was that he be confined in the State Prison at hard labor for a period of ten years. That sentence appears to have been entered October 2, 1926.

On the 9th day of October, 1929, an order was entered by the Circuit Court of Hillsborough County, Florida, wherein and whereby the said Branch was disbarred and deprived of the right to practice as an attorney or counsellor at law in any and all of the courts of the State of Florida. The order of disbarment recites: "and the court, being fully advised in the premises, finds that the evidence proves that the said Talton A. Branch has been guilty of unlawfully and feloniously, from a premeditated design to effect the death of one Harry C. Beaty, making an assault on the said Harry C. Beaty with a deadly weapon, to-wit: a pistol, which said pistol was then and there loaded with gun powder and metallic bullets and which said pistol he, the said Talton A. Branch, then and there held in his hand in furtherance of the said assault the said Talton A. Branch, from a premeditated design to effect the death of the said Harry C. Beaty, did then and there shoot off and discharge said pistol, so loaded as aforesaid, at and toward him, the said Harry C. Beaty, and by so doing did, with the metallic bullets so shot off and discharged from the said pistol, strike him, the said Harry C. Beaty, in his body and limbs, this and thereby inflicting divers severe and serious wounds in, on and upon the body and limbs of him, the said Harry C. Beaty; and so the said Talton A. Branch, in manner and form aforesaid, did unlawfully and from a premeditated design to effect the death of the said Harry C. Beaty make

an assault upon him, the said, Harry C. Beaty, with intent, him the said Harry C. Beaty, in manner and form aforesaid, then and there to kill and murder on the 10th day of September, A. D. 1925, as alleged and set forth in the said Amended Motion for disbarment filed herein."

On the 26th day of June, 1933, the State Board of Pardons then composed of D. M. Sholtz, Governor, R. A. Gray, Secretary of State, Cary D. Landis, Attorney General, J. M. Lee, Comptroller, and Nathan Mayo, Commissioner of Agriculture, granted to the said Branch a full and complete pardon of the offense of which he was convicted as hereinabove stated.

It is contended by the appellant that the pardon granted him by the Board of Pardons entitles him to an order of reinstatement as an attorney at law. The Circuit Judge entering the decree from which this appeal is taken in the said decree says:

"The Order of Disbarment is not based upon the conviction of the petitioner in the Criminal Court, but resulted from the hearing and proceedings in the Circuit Court. The pardon does not automatically restore to the petitioner his right to practice law and the petitioner upon his application for reinstatement should furnish, at least, the same evidence as to his moral character that is required from an applicant for admission to practice law in the first instance. The petitioner having declined to amend his petition so as to set forth that he is a person of good moral character, which leave was offered him by the Court, it is upon consideration thereof * * *"

That the several Circuit Courts of the State of Florida and the Supreme Court each has the power to make and enter effective orders and decrees reinstating to the rolls attorneys who have theretofore been disbarred and thereby

granting to them the privilege of again pursuing the profession of the practice of law in the State cannot be successfully questioned.

. Where an attorney at law has been disbarred because of misconduct it is the province of the courts to determine whether or not he should be reinstated in his position as an attorney at law and it is not material that he may have been tried and convicted because of a criminal offense involved in the same conduct and have been afterwards pardoned and restored to his full rights of citizenship by the State Board of Pardons.

The disbarment of a practicing attorney is not a part of the punishment inflicted for the commission of crime, but it is the withdrawing from him of an acquired right because of misconduct on his part which has been made to appear to a court of competent jurisdiction investigating that particular matter with a view to determining the propriety of such person continuing in the practice of law. He does not forfeit his right to practice law because of the conviction but because of the adjudication that he had been guilty of conduct which shows him to be a person unfit to engage in the profession of practicing law. The pardon wiping out the conviction of the criminal offense will no more reinstate the attorney who has been disbarred (not because of conviction but because of the commission of a particular act) than would the refusal to grant the pardon preclude such person upon a proper showing from being reinstated in the practice of law. Certainly one applying to the courts for reinstatement to practice law after having been disbarred for misconduct has resting upon him the duty to show unto the court that he is at the time of such petition for reinstatement a person of good moral character and that his conduct and reputation is such as to warrant him in being

entrusted with the honorable and important duties of an attorney at law. The petition and the proof as stated by the Judge of the court below fail to meet this requirement.

In support of our conclusions we cite: 48 C. J. 1196; 6 C. J. 615; (see footnote 81 under last citation); 20 R. C. L., Sec. 49, page 563; Note 45 Am. St. Rep. 77; People, *ex rel*. Johnson, v. George, 186 Ill. 122, 57 N. E. 804; in Matter of Application of E, 65 Howard Pr. Rep. (N. Y.) 171; *in re* Ricardi, Dist. Court of Appeals, First Dist. California, 122 Pac. 625; *in re* Kaufman, 211 N. Y. Sup. 256; see also Annotations 47 A. L. R. 542; State v. Hazzard, 139 Wash. 487, 247 Pac. 957. We commend to those interested in this subject a reading and analysis of the opinion in the case of State v. Hazzard, *supra*.

It appears that in the matter of A. H. Garland, Petitioner, 18 Law. Ed. 366, a contrary conclusion was reached but a careful consideration of the opinion in that case will disclose that the court was dealing with a condition not presented in the case at bar. In that case it was contended that although the petitioner had been pardoned by the President yet he could not be reinstated in the practice of law without taking the oath prescribed in the Act of Congress of January 25, 1865, which was the oath originally prescribed by Act of Congress of July 2, 1862, but by the latter Act was extended to apply to all persons who applied for admission to practice law as attorney or counsellors at the bar of the Supreme Court or at the bar of any Circuit or District Court of the United States or of the Court of Claims. The several applicable Acts, when taken together, constitute the disbarment a part of the punishment for the offense of participating in the rebellion and, therefore, the disbarment, being an element of the punishment for the alleged offense, it was held that the pardon operated as a reinstatement. In

the later case of Hawker v. New York, 170 U. S. 189, 42 Law Ed. 1002, the Supreme Court of the United States, speaking through Mr. Justice Brewer, said:

"Defendant relies largely on Cummings v. The State of Missouri, 71 U. S. 4 Wall, 277 (18: 356) and *Ex Parte Garland*, 71 U. S. 4 Wall. 333 (18: 366). In the first of these cases a test oath, containing some thirty distinct affirmations respecting past conduct, extending even to words, desires and sympathies, was prescribed by the State of Missouri upon all pursuing certain professions or avocations; and in the second a similar oath, though not so far reaching in its terms, was required by Act of Congress of those who sought to appear as attorneys and counselors in the courts of the United States. It was held that, as many of the matters provided for in these oaths had no relation to the fitness or qualification of the two parties, the one to follow the profession of a minister of the gospel and the other to act as an attorney and counselor, the oaths should be considered, not legitimate tests of qualifications, but in the nature of penalties for past offenses. These cases were called to our attention in Dent v. West Virginia, *supra,* in which the validity of a statute of West Virginia imposing new qualifications upon one already engaged in the practice of medicine was presented for consideration. After pointing out the distinguishing features of those cases, this Court summed up the matter in these words (p. 128 [32: 628]):

"There is nothing in these decisions which supports the positions for which the plaintiff in error contends. They only determine that one who is in the enjoyment of a right to preach and teach the Christian religion as a Priest of a regular church, and one who has been admitted to practice the profession of the law, cannot be deprived of the

right to continue in the exercise of their respective professions by the exaction from them of an oath as to their present conduct, respecting matters which have no connection with such professions. Between this doctrine and that for which the plaintiff in error contends there is no analogy or resemblance. The Constitution of Missouri and the Act of Congress in question in those cases were designed to deprive parties of their right to continue in their professions for past acts or past expressions of desires and sympathies, many of which had no bearing upon their fitness to continue in their professions. The law of West Virginia was intended to secure such skill and learning in the profession of medicine that the community might trust with confidence those receiving a license under authority of the state.' "

And further in that opinion, it is said:

"The thought which runs through these cases and others of similar import which might be cited, is that such legislation is not to be regarded as a mere imposition of additional penalty but as prescribing the qualifications for the duties to be discharged and the position to be filled, and naming what is deemed to be and what is in fact appropriate evidence of such qualifications."

The decree appealed from should be affirmed, without prejudice, however, to the petitioner to renew his petition in the court below, therein showing, if he can, that he is a person of good moral character and reputation and is a proper and fit person to be accorded the privilege of practicing law in the several courts of the State of Florida.

It is so ordered.

WHITFIELD, C. J., and TERRELL and DAVIS, J. J., concur.