STATE v. CHARLES L. SNYDER.

187 So. 381.
Opinion Filed March 10, 1939.
Rehearing Denied April 3, 1939.

*Chester B. McMullen,* State Attorney, and *Arthur L. Auvil,* Assistant State Attorney, for Plaintiff in Error;

*A. S. Bradley,* for Defendant in Error.

TERRELL, C. J.—In April, 1937, defendant in error, an attorney at law, was tried and convicted on a charge of embezzlement. In June following his conviction, the State Attorney pursuant to Section 4172, Compiled General Laws of 1927, filed a motion to disbar him because of such conviction. An answer to said motion went down on demurrer. An amended answer was filed and the State Attorney moved for the judgment of disbarment.

Before the latter motion was ruled on, defendant, by leave of the Court, filed a second amended answer, the purport of which was to show that since the motion in disbarment was filed, he had been granted a full and complete pardon, and that such being his status, there was no longer basis for disbarment. The Circuit Court entered judgment for defendant holding that the pardon was a complete defense to the motion to disbar. From this judgment. the State has prosecuted the instant writ of error.

There is discord between counsel on the point of what question or questions are presented to this Court for adjudication.

We pose the following question. When a disbarment proceeding is instituted predicated on the fact of a charge and conviction of embezzlement and before final judgment, the defendant is granted a full and complete pardon restoring him to all rights of citizenship, does such pardon and restoration also restore him to his status as attorney at law and thereby warrant an abandonment of the disbarment proceedings then pending against him?

This question must be answered in the negative. Embezzlement is a felony punishable under the laws of Flor-

ida. (Section 7244, *et seq.,* Compiled General Laws of 1927. Disbarment from the practice of law is authorized under Section 4172, Compiled General Laws of 1927 for the various instances of unprofessional conduct catalogued therein. The controlling statutes governing in each instance are separate and distinct and designed for wholly different purposes. The very fact of embezzlement is cause for disbarment and a pardon does not blot out that fact.

The fact of having been restored to citizenship and civil rights by virtue of a pardon from a conviction of embezzlement in no way affects a disbarment proceeding, even though predicated on the fact of conviction alone. Branch v. State, 120 Fla. 666, 163 So. 48. The case for disbarment may therefore proceed notwithstanding the pardon.

The case for disbarment grows out of the stigma attached to the fact of having been charged with and convicted of embezzlement. This is on the theory that such conduct unfits the perpetrators to associate with the fair and honorable members of the profession. A pardon does not reach and purge him of this stigma but goes only to civil rights. He may purge himself by showing in another proceeding that he is a fit and proper person to re-engage in the practice of·law.

The mere fact of conviction of the crime of embezzlement bars one from the practice of law in this State. Section 4196, Compiled General Laws of 1927. When the defendant was convicted of that offense, he was *Sua Sponte* disbarred. The order of a competent court disbarring him was nothing more than the evidence of what the law had effected. In this view of the case, there was no basis whatever on which a pardon should have been permitted to work an abandonment of the disbarment proceedings.

The pardon does not blot out the fact of having committed the crime for which disbarment is imposed and was no part of the punishment for it. It merely restores civil rights that were forfeited for having committed and been convicted of the crime. If he can later show that he is fit and worthy to be restored to the roll of practicing attorneys that is another question but it takes more than a pardon to do this.

The relation of attorney and client is one of the most important as well as the most sacred relations known to the law. It is indeed a relation affected by a very vital public interest which is predicated on trust and confidence. Certainly no act could more completely destroy that trust and confidence than embezzlement. In fact embezzlement is about as inconsistent with trust and confidence as it is possible to be and it is idle to contend that a mere civil pardon restores it.

Aside from this, embezzlement is a crime involving moral turpitude and a pardon does not work the remission of that. State v. Serfling, 131 Wash. 605, 230 Pa. 847; People, *ex rel.* Denneen, v. Gilmore, 214 Ill. 569, 73 N. E. 737, 69 L. R. A. 701; People, *ex rel.*, Johnson v. George, 186 Ill. 122, 57 L. Ed. 1002, 18 Sup. Ct. 573; *Re* New Jersey Court of Pardons, 97 N. J. Equity, 555, 129 Atl. 624. We are conscious of decisions holding to the contrary but we recognize no rule or reason that would warrant us in holding that one guilty of acts involving moral turpitude should be permitted to engage in the practice of law.

The court below was therefore in error and his judgment is reversed.

Reversed.

BUFORD and THOMAS, J. J., concur.

Brown, J., concurs in the opinion and judgment.

Justices Whitfield and Chapman, not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.