85 So.2d 609 (1956)
Carl Chester FIELDS, also known as Harry Gordon, also known as Harry Sitamore, also known as Ervin Siegel, also known as Harry Sidamore, also known as Thomas Green, also known as Jerry Lietel, Appellant,
v.
The STATE of Florida, Appellee.
Supreme Court of Florida. Special Division A.
February 22, 1956.
*610 James W. Moore, Coral Gables, for appellant.
Richard W. Ervin, Atty. Gen., and Reeves Bowen, Asst. Atty. Gen., for appellee.
O'CONNELL, Justice.
The basic legal issue upon which this appeal turns is one not previously determined in this jurisdiction: Whether an adjudication under the habitual offender law, Section 775.09, F.S. 1953, F.S.A., can be predicated upon a prior felony conviction after a full, complete and unconditional pardon has been granted the offender therefor. Such, in brief, is the situation in the case at bar, in which appellant's one-year sentence for breaking and entering, with intent to commit grand larceny, has been set aside and a new sentence to a term of twenty years' imprisonment imposed, based upon an information alleging an earlier conviction for the same offense more than twenty years previous. The fact of the intervening pardon was duly urged by appellant prior to and during the course of the trial. Compare Henderson v. State, 55 Fla. 36, 46 So. 151.
The only indication in our cases as to what might be the effect of a pardon in these particular circumstances is the comment in the case of Henderson v. State, supra, that if, as appellant contended, the pardon granted him did in fact wholly absolve him from the former conviction upon a second trial and conviction for the same crime, "then such pardon constituted a defense in mitigation of the penalty at the trial for the new or second offense that should have been proven at the trial * * *." 46 So. at page 152, Henderson v. State, supra. The rule that a pardon does not preclude consideration of a criminal conviction in disbarment proceedings, or as grounds for the discretionary ruling of a board empowered to revoke professional licenses, would not appear to be controlling in the present case, involving as it does a criminal proceeding in which the fact of a prior conviction is given an absolute and conclusive effect in determining the sentence to be imposed upon one thus characterized as an "habitual" offender. Sec. 775.09, supra; Page v. Watson, 140 Fla. 536, 192 So. 205, 126 A.L.R. 249; State v. Snyder, 136 Fla. 875, 187 So. 381.
The problem has been much discussed by the courts of other states, and there is a clear conflict of authority on the point. The cases upon which appellee relies, to sustain the judgment and sentence in this cause, are decided on a consideration of the nature of habitual offender laws in general as not involving an imposition of additional punishment for the first offense, but providing in effect that a former conviction be considered as a fact in the past history of an accused and proved as "an element merely in determining the criminality of the second offense." People v. Carlesi, 154 App.Div. 481, 139 N.Y.S. 309, 313. See also People v. Biggs, 9 Cal.2d 508, 71 P.2d 214, 116 A.L.R. 205; Herndon v. Commonwealth, 105 Ky. 197, 48 S.W. 989; State v. Stern, 210 Minn. 107, 297 N.W. 321; Jones v. State, 141 Tex.Cr.R. 70, 147 S.W.2d 508; State v. Edelstein, 146 Wash. 221, 262 P. 622; Commonwealth ex rel. v. Smith, 324 Pa. 73, 187 A. 387. But in spite of the fact that such statutes are not regarded as imposing any additional penalty for the former conviction, so as to collide with the rule against double jeopardy or ex post facto laws, no argument can escape the fact that to permit proof of a conviction under such circumstances, without regard to a pardon granted the offender therefor, violates the rule of penal law repeatedly expressed in opinions of this Court that a full and unconditional pardon "removes all that is left of consequences of conviction." Marsh v. Garwood, Fla., 65 So.2d 15; Singleton v. State, 38 Fla. 297, 21 So. 21, 34 L.R.A. 251.
The position taken by the courts in those jurisdictions which adhere more closely to the rule of the common law in this particular respect would appear to be in accord with our law and jurisprudence. Edwards v. Commonwealth, 78 Va. 39, and Richardson v. Commonwealth, 131 Va. 802, 109 S.E. 460; Prichard v. Battle, 178 Va. *611 455, 17 S.E.2d 393; Kelley v. State, 204 Ind. 612, 185 N.E. 453; State v. Martin, 59 Ohio St. 212, 52 N.E. 188, 43 L.R.A. 94; State v. Lee, 171 La. 744, 132 So. 219. The opinions in these cases fully discuss the issues involved, and a study of applicable provisions of the Constitution and statutes of this state would logically seem to require that their reasoning and conclusions be adopted. Art. IV, sec. 12, Const. 1885, F.S.A.; sections 2.01, 775.01, Florida Statutes, F.S.A.; Advisory Opinion to the Governor, 14 Fla. 319. II Cooley's Blackstone, 4th ed., p. 1528. "The true rule must be based upon the constitutional intention as to the effect of pardons and the legislative intention in enacting the Habitual Criminal Act. * * * In view of the force and effect of a pardon under the common law, and therefore under the law of this state, knowledge and understanding of which must be imputed to the Legislature at the time the statute was enacted, we must construe their failure to expressly include pardoned convictions in the act as evidencing an intention that they should not be counted." Kelley v. State, supra [204 Ind. 612, 185 N.E. 459.]
Our reference to the above quoted portion of the case of Kelley v. State, supra, must not, however, be taken to indicate that the Legislature could validly make pardoned convictions the basis for punishment under the habitual offender statutes of this State, since that question is not before us. We refer to that portion of the quoted opinion, only to indicate that in construing a similar statute the court there considered, as we do here, that inasmuch as the Legislature did not expressly include pardoned convictions in the Act, it is taken as evidencing an intention on the part of the Legislature of this State that pardoned convictions not be counted as prior "live" felony convictions.
It is, therefore, the opinion of this Court that a felony conviction for which the offender has received a full and unconditional pardon cannot be counted as a prior felony conviction under the provisions of our habitual offender laws.
The judgment and sentence apealed from are therefore reversed.
DREW, C.J., and TERRELL and HOBSON, JJ., concur.