Petition of Uriah John TAYLOR for Naturalization, Appellant,

v.

UNITED STATES of America, Appellee.

No. 15867.

United States Court of Appeals Fifth Circuit.

April 18, 1956.

---

————

Paul G. Hyman, Miami, Fla., Britton, Hodges & Hyman, Miami, Fla., for appellant.

James L. Guilmartin, U. S. Atty., E. David Rosen, J. Edward Worton, Asst. U. S. Attys., Miami, Fla., for appellee.

Before TUTTLE, CAMERON and JONES, Circuit Judges.

CAMERON, Circuit Judge.

From an order by the District Court denying his petition for naturalization the appellant, Uriah John Taylor, appeals. We are presented with the question whether the District Court erred in concluding that Taylor's conviction for murder, for which he was subsequently pardoned, precluded his naturalization under Sections 1427(a) and 1101(f) of Title 8 U.S.C.A.

The appellant lawfully entered this country in 1921 for the purpose of permanent residence, and since then has resided continuously in the United States. In 1924 he was indicted and, upon a plea of guilty, he was convicted and sentenced by the Circuit Court for the Fifteenth Judicial Circuit of Florida to twenty years imprisonment for second degree murder. This sentence was commuted and Taylor was released from the Florida State Penitentiary in 1931. On December 16, 1953 the then acting governor of Florida granted appellant a full and complete pardon, this pardon defeating deportation proceedings which had been commenced against Taylor in September, 1953.[1]

The petition for naturalization was filed March 18, 1955. A hearing before a naturalization examiner resulted in a recommendation that the petition be denied. In denying the petition, the District Court held that Taylor's conviction prevented his establishing the required good moral character. It is undisputed that the denial of the petition was based solely upon failure to establish good moral character under the statute.

Section 1427(a), 8 U.S.C.A.[2] makes it incumbent upon one petitioning for nat-

---

1. 8 U.S.C.A. § 1251(b) provides in part:
   "The provisions of subsection (a) (4) of this section respecting the deportation of an alien convicted of a crime or crimes shall not apply (1) in the case of any alien who has subsequent to such conviction been granted a full and unconditional pardon by the President of the United States or by the Governor of any of the several States * * *."

2. "No person, except as otherwise provided in this subchapter, shall be naturalized unless such petitioner, (1) immediately preceding the date of filing his petition for naturalization has resided continuously, after being lawfully ad-

uralization to prove permanent and lawful residence in the United States for five years immediately preceding the date of filing his petition and that he is and has been a person of good moral character during all of this five year period. Insofar as pertinent here, Section 1101(f), defining terms used in the Immigration and Nationality Chapter of Title 8, provides: "For the purposes of this chapter—No person shall be regarded as, or found to be, a person of good moral character who, during the period for which good moral character is required to be established, is, or was * * * (8) one who at any time has been convicted of the crime of murder." It was under this section that the District Court held that appellant could not meet the good moral character requirements.

■■■■■ Naturalization is not a natural right, but a privilege. The burden rests upon an applicant to prove that he has met the statutory qualifications to entitle him to the privilege, and all doubt with respect to these qualifications is resolved in favor of the Government. United States v. Schwimmer, 1929, 279 U.S. 644, 49 S.Ct. 448, 73 L.Ed. 889; United States v. Macintosh, 1931, 283 U.S. 605, 51 S.Ct. 570, 75 L.Ed. 1302; Brukiewicz v. Savoretti, 5 Cir., 1954, 211 F.2d 541; Molsen v. Young, 5 Cir., 1950, 182 F.2d 480. In addition, the findings of the Court below are presumed to be correct and will not be set aside unless clearly erroneous. Rule 52(a) F.R.C.P., 28 U.S.C.A.

■■■ We are unable to find fault with the findings and conclusions reached below, and regard the denial of Taylor's petition clearly supported. The appellant claims that 1101(f) (8) demands only that an applicant not be a convicted murderer during the five years immediately preceding the petition and, since he has been granted a full pardon, he is not defeated by this provision.[3] On the other hand, the Government urges that 1101(f) (8) clearly defeats the naturalization of one who has ever been convicted of murder regardless of a pardon.[4] However, we consider it un-

---

mitted for permanent residence, within the United States for at least five years and during the five years immediately preceding the date of filing his petition has been physically present therein for periods totaling at least half of that time, and who has resided within the State in which the petitioner filed the petition for at least six months, (2) has resided continuously within the United States from the date of the petition up to the time of admission to citizenship, and (3) during all the period referred to in this subsection has been and still is a person of good moral character, attached to the principles of the Constitution of the United States, and well disposed to the good order and happiness of the United States."

3. In support of his contention reliance is placed upon the interpretation of a pardon by the Supreme Court in Ex parte Garland, 1866, 4 Wall. 333, at 380, 71 U.S. 333, at 380, 18 L.Ed. 366, and by the Supreme Court of Florida in Singleton v. State, 1896, 38 Fla. 297, 21 So. 21, 34 L.R.A. 251:

"A pardon reaches both the punishment prescribed for the offense and the guilt of the offender; and when the pardon is full, it releases the punishment and blots out of existence the guilt, so that in the eye of the law the offender is as innocent as if he had never committed the offense."

4. Since naturalization is not a matter of natural right, the Government takes the position that the effect of the pardon in the case of an applicant for naturalization may be likened to its effect in Florida in disbarment actions and in actions to annul a medical license. In State v. Snyder, 1939, 136 Fla. 875, 187 So. 381, 382, the Supreme Court of Florida held:

"The mere fact of conviction of the crime of embezzlement bars one from the practice of law in this State. * * * The pardon does not blot out the fact of having committed the crime for which disbarment is imposed and was no part of the punishment for it. It merely restored civil rights that were forfeited for having committed and been convicted of the crime. * * * Aside from this, embezzlement is a crime involving moral turpitude and a pardon does not work the remission of that."

To the same effect is Page v. Watson, 1938, 140 Fla. 536, 192 So. 205, involving a revocation of a license to practice medicine because of a conviction for a felony, notwithstanding the fact that the physician was later pardoned.

necessary to decide the question whether a conviction for murder forever precludes establishment of good moral character for naturalization purposes despite a subsequent pardon.

It is at once apparent that Taylor has, within the five year period preceding petition, been a convicted murderer. His pardon was not granted until December, 1953, only fifteen months before the petition was filed. Even by the most liberal construction appellant was unable to establish his good moral character for the five year period required by Section 1427(a) as supplemented by 1101(f) (8). The findings, conclusions and order of the District Court are, therefore,

Affirmed.