PER CURIAM.
A complaint was filed by the Florida Bar against the respondent, Harry Lee Sears, an attorney at law, on the 23rd of September, 1954, charging that the said respondent had been guilty of professional misconduct in that he had been convicted of burglary by the Circuit Court of Manatee County, Florida and sentenced to the State Penitentiary for a term of five years upon a plea of guilty by reason whereof the said respondent had violated the provisions of Section 454.18, F.S.A., which provides, among other things, that no person who has been convicted of an infamous crime shall be entitled to practice law in the State of Florida and, in addition thereto, that such conviction was a violation of Canon 28, Rule B, Section 2 of the Code of Ethics governing attorneys as adopted by the Supreme Court of Florida on January 27, 1941, 31 F.S.A., to the effect that no person admitted to practice law in Florida shall do any act which by the laws of this State constitutes a felony involving moral turpitude.
Honorable Henry S. Baynard was appointed by this Court as referee pursuant to the applicable provisions of the 31 F.S.A. Integration Rule. The referee conducted extensive hearings and filed with the Board of Governors of the Florida Bar a thorough and comprehensive report containing, among other things, the following findings of fact and recommendations:
“Findings of Fact.
“1. The Respondent, Harry Lee Sears, is a Negro, and at the present time thirty (30). years of age; is married and has three small children. He was admitted as a member of The Florida Bar in the year 1951, and was *495 twenty-seyen (27) years of age at the time of the commission of the offense of which he was accused and to which he entered a plea of guilty.
“2. Harry Lee Sears did, during the late afternoon or early evening of Saturday, the 12th of December, 1952, enter a church building through doors which were open and unlocked, which was the property of the Board of Trustees of the House of God, which is the Church of the Living God, the Pillar and Ground of the Truth Without Controversy, Inc., located in the community known as Memphis, Manatee County, Florida, together with Philip White, Jr. and Sam Davis, and remove from said Church two musical instruments, a drum and guitar, which were approximately three (3) years old, without the consent of the owner thereof, one Edward Cotton.
“The said Harry Lee Sears, Philip White, Jr. and Sam Davis placed the drum and guitar in an automobile and transported them to the Skyline Bar and Dance Hall in Palmetto, a colored bar and dance hall then being managed by the Respondent, Harry Lee Sears.
“3. Edward Cotton, the owner of the musical instruments, discovered on Sunday morning, December 13, 1952 (the day following the taking of the musical instruments) that the same had been taken, and immediately reported the same to the Sheriff of Manatee County, Florida, and advised the Sheriff that he believed he knew where the instruments were and asked the Sheriff to meet him at the Skyline Bar in Palmetto.
“On Sunday morning, December 13, 1952 (the day following taking of the musical instruments) Deputy Sheriff Clyde Crews went to the Skyline Bar in Palmetto and asked Harry Lee Sears if the drum and guitar were in the Bar. Harry Lee Sears advised Deputy Sheriff Crews that the drum was there and turned the same over to the Deputy Sheriff. He further advised the Deputy Sheriff that Philip White, Jr. and Sam Davis had taken-the musical instruments and that they had leased the same or had the per-, mission of the owner to use the same.
“The Deputy Sheriff arrested Sam Davis and Philip White, Jr. and placed them in jail where they remained for approximately three weeks. The guitar was found in the home of Philip White, Jr.
“Philip White, Jr. and Sam Davis were employed by Harry Lee Sears to play in a band at the Skyline Bar and Dance Hall managed by the Respondent, Harry Lee Sears. The Respondent, Harry Lee Sears, remained at liberty and stood by and permitted White and Davis to remain in jail.
“During the period of time that Philip White, Jr. and Sam Davis were in jail, the Respondent, Harry Lee Sears, made several attempts to communicate with Mr. W. M. Smiley, States Attorney, presumably to discuss with him the matter of taking of the musical instruments and the charge upon which White and Davis were being held in jail. On the occasions that Harry Lee Sears called Mr. Smiley’s office Mr. Smiley was away from Bra-denton, performing his duties in other parts of the Circuit, therefore the Respondent did not discuss the matter with Mr. Smiley.
“After White and Davis had been in jail for approximately three weeks they advised the States Attorney that they went to the Church in the company of and at the request of the Respondent, Harry Lee Sears, who had advised them that he had permission and authority to take and use the musical instruments in question.
*496 “The States Attorney then called the Respondent, Harry Lee Sears, in to his office on Saturday, January 24, 1953, and in the presence of Philip White, Jr.- and Sam Davis confronted him with the statement made by the said White and Davis. The Respondent, Harry Lee Sears, expressed a willingness to discuss the matter with the States Attorney and finally advised Mr. Smiley, on Saturday, January 24, 1953, that he was convinced that the best things for him to do was to tell the truth; whereupon he then made a full confession admitting that he, in the company of Philip White, Jr. and Sam Davis, had gone to the Church and removed the musical instruments therefrom. He stated that since White and Davis were employed by him he felt that he was responsible and absolved White and Davis from, any liability in connection with the taking of the musical instruments. Wherefore White and Davis were released from jail.
“Mr. W. M. Smiley, States Attorney, advised the Respondent -to go home and come back on Monday morning, January 26, 1953, as he wished to give the matter further consideration over the week-end.
“4. Harry Lee Sears returned to the States Attorney’s office on Monday, January 26, 1953 at approximately 9:30 in the morning. Mr. Smiley, States Attorney, at that time prepared and filed an information charging the Respondent, Harry Lee Sears, with unlawfully and feloniously breaking and entering a church building, the property of the Board of Trustees of the House of God, which is the Church of the Living God, the Pillar and Ground of the Truth without Controversy, Inc., 1 Tim.-3:15-16 located in the community known as Memphis, Manatee County, Florida, with intent to commit a felony therein (commonly referred to as burglary), to-wit grand larceny.
“The Respondent, Harry Lee Sears, was immediately taken by W. M. Smiley, States. Attorney, before the Honorable W. T.' Harrison, Circuit Judge, at approximately 10:30 on Monday, January 26, 1953, at which time he entered a plea of guilty to the charge set forth in the information; whereupon he was immediately sentenced by the Court to imprisonment by confinement in the Florida State Prison at Raiford for a term of five (5) years.
“5. Respondent, Harry Lee Sears, was not represented by counsel at the time the plea of guilty was entered and sentence was imposed upon him. No witnesses were present, and no testimony was taken by the court prior to or at the time sentence was imposed. All that Judge Harrison had before him was the information and the plea of guilty entered by Harry Lee Sears.
“6. Prior to the commission of the offense in question by the Respondent, Harry Lee - Sears, he had never been charged- with or convicted of any offense.
“Prior to the commission of the offense in question by Harry Lee Sears he had always conducted himself properly and was well respected in the community in which he resided.
“7. The Respondent, Harry Lee Sears, served one year of the five year sentence imposed upon him, after which he was paroled.
' “8. There is conflicting testimony as to the value of the two musical instruments which were taken by the Respondent, Harry Lee Sears. The State contended that their value was more than Fifty Dollars ($50.00), while the owner thereof, Edward Cotton, testified before the Referee that *497 they were of the value of Thirty-Eight Dollars ($38.00). No expert testimony was given before the court at the time the Respondent was sentenced, or before the Referee, as to the value of the two musical instruments in question.
“9. The musical instruments were used by Harry Lee Sears, Philip White, Jr. and Sam Davis in a public place, and no effort was made to conceal them. Members of the Church from which the musical instruments were taken were patrons of the Skyline Bar and Dance Hall.
“10. That the Respondent, Harry Lee Sears, pled guilty to and was convicted of the commission of an infamous crime and of a felony involving moral turpitude.
“Recommendations.
“The Referee is of the opinion that where an attorney, licensed to practice under the laws of this. State, is convicted of an infamous crime, or does an act which, by the laws of Florida, constitutes a felony involving moral turpitude, it is mandatory that his license be revoked and that he be disbarred.
“Section 459.19 F.S.A.,[1] Camion 28 of Rule ‘B’, Section 2 of the Code of Ethics governing attorneys as adopted by the Supreme Court of Florida on January 27, 1941. State v. Snyder, 136 Fla. 875, 187 So. 381.
“Therefore, the Referee . recommends :
“1. That the Respondent be disbarred from the practice of law in the State of Florida.
“2. It is the opinion of the Referee, from the testimony and facts in this cause, that Harry - Lee Sears, Philip White, Jr. and Sam Davis did not intend to take and permanently keep the musical instruments which they removed from the Church, it being their intention to use them on Saturday night at the Skyline Bar and Dance Hall and to return them to the Church on Sunday morning. However, the owner, Edward Cotton, discovered the instruments to be missing and reported the loss thereof to the Sheriff before the respondent, Harry Lee Sears, Philip White, Jr. and Sam Davis had an opportunity to return them.
“3. That the Respondent, Harry Lee Sears, at the time of the commission of the offense in question, was a young and inexperienced attorney. That he did not realize the seriousness of the offense with which he was charged. That when he was charged with said offense he became frightened and entered a plea of guilty without the benefit of legal advice, and without giving the charge against him proper consideration. The Referee is further of the opinion that the Respondent, Harry Lee Sears, at the time he entered a plea of guilty to the offense in question, did not realize that he would receive a sentence of five years in the State Prison upon his plea of guilty.
“4. The Referee is further of the opinion that if the Respondent, Harry Lee Sears, had been represented by counsel and had stood trial upon the offense in question that he would have been convicted of a much lesser offense than the one for which he was charged and upon which he entered a plea of guilty, or that he might possibly have been exonerated by a jury.
“5. That the offense in question was the first and only offense ever .committed by the Respondent, Harry *498 Lee Sears. That prior to the commission of said offense, and since be-: ing paroled, he has, at all times, con-, ducted himself in a- proper, manner.
“That prior'to Harry Lee' Sears’ en-' tering a plea of guilty to the offense in question he was highly regarded and respected by the citizens of the com-' munity in which he resided. That since his parole the citizens of his community have continued to respect him' and hold him in high regard.
“That the Respondent, 'Harry- Lee Sears, has paid his debt to society and that he has been punished severely and has suffered seriously as a result of what has transpired.
“6. Therefore, the Referee further recommends that in the event the Respondent, Harry Lee Sears, at a future date, is granted a pardon for the offense of which he was convicted, that his application, when and if submitted,for reinstatement' as a member of The Florida Bar be favorably considered.”
Upon consideration of the foregoing report of the Referee by the Board of Governors of the Florida Bar, said Board of Governors recommended to this Court “that based, upon the record and the report that we recommend to the Supreme Court that extreme leniency be exercised in this case and that the disciplinary action shall be suspension from the practice of law until this man’s civil rights may be restored.” We have carefully read the evidence in this cause, including testimony of outstanding members of the Bar of Manatee County and we are of the view that on the findings of fact made. by the Referee, the action recommended by the Board of Governors of the Florida Bar, in so far as. it suggests suspension, is appropriate. The respondent will be able to petition the Board of Governors for reinstatement through procedures set out in art. XI (5) (i) of the Integration. Rule of the Florida Bar,-at which time the recommendation for leniency will be a matter of record for the board’s consideration.
It is, thereupon, ordered that the said Harry Lee Sears is hereby suspended from the practice of law.
DREW, C. J., and TERRELL, THOMAS,., HOBSON, ROBERTS, THORNAL and O’CONNELL, JJ., concur.

. The referee undoubtedly meant to refe. to Section 454.18, F.S.P.