PER CURIAM.
July 30, 1958, complaint was filed by The Florida Bar against respondent, Caspar Hefty, Jr., as authorized by Article XI, Integration Rule, 31 F.S.A., charging that in 1957 and 1958, he was guilty of unprofessional conduct in the following respects: (1) Respondent agreed to settle a claim for his client without her approval; (2) thereafter respondent wrote the signature of his client upon a general release and upon a settlement draft in satisfaction thereof without her knowledge or approval; and (3) that upon receipt of the settlement funds for his client respondent deposited them in a trust account and subsequently disbursed them to other uses, although he at all times had resources sufficient to pay the full amount.
To these charges respondent entered a plea of guilty and did not request an opportunity to be heard or to present evidence before a referee and advised the Board of Governors in writing that he did not desire to appear before them to make any defense against the charges. The Board of Governors made a thorough investigation, heard testimony, reviewed the record and found that respondent had agreed to settle his client’s claim without her approval, that he had written her signature upon a general release, that he had disbursed the settlement funds to other uses and that his client refused to ratify the settlement as charged. In mitigation of sentence the Board of Governors considered the fact that respondent himself first called the attention of The Florida Bar to his misconduct, that he thereafter made full restitution, that his client subsequently agreed to a settlement and received full satisfaction of all claims against him [respondent]. Respondent in his plea of guilty admits his misconduct and appears to be capable of rehabilitation.
In consequence the Board of Governor; of The Florida Bar ordered that the plea of guilty be accepted, that respondent was guilty as charged, that the charges against respondent constitute unprofessional conduct under the provisions of Article XI, Integration Rule of The Florida Bar, and under the provisions of Canon 11 of the Canons of Professional Ethics, as adopted by the Su *162 preme Court of Florida December 6, 1955, and paragraphs 1, 27, 28 and 32 of Additional Rules Governing the Conduct of Attorneys in Florida, as adopted by the Supreme Court of Florida January 27, 1941, and December 6, 1955. Judgment of suspension from the practice of law in Florida for a period of six months was accordingly entered against respondent.
It was therefore ordered by the Board of Governors of The Florida Bar that Caspar Hefty, Jr., be and he is hereby adjudged guilty of unprofessional conduct as charged and that he be suspended from the practice of law for six months, said suspension to begin October 13, 1958.
The judgment and record of the Board of Governors was filed in this court October 14, 1958, and on the same date respondent was advised by registered mail of the record and judgment so filed against him in the Supreme Court. Respondent was further advised that under the provisions of Article XI (5) (e), Integration Rule, he would have until November 14, 1958, to petition the Supreme Court for review of said judgment, otherwise the judgment of the Board of Governors would become the judgment of the Supreme Court. Respondent was further advised that he could appear in person or by counsel before the Supreme Court and urge any reason or reasons why the judgment of suspension entered against him should be reversed or modified.
More than thirty days having expired since the filing of said record and judgment of the Board of Governors in this court and the service of copy thereof upon the respondent having been made and no review having been requested, this court has in response to the duty imposed on it reviewed the same; it is, thereupon,
Ordered that the judgment of the Board of Governors of The Florida Bar, dated October 13, 1958, suspending the said Caspar Hefty, Jr., from the practice of law in the State of Florida for a period of six months, be, and the same is, hereby approved and adopted as the judgment of this court, said judgment of suspension to run from October 13, 1958.
It is so ordered.
TERRELL, C. J., and THOMAS, ROBERTS, DREW and THORNAL, JJ., concur.