THORNAL, Justice.
Petitioner Sears seeks reinstatement to the privilege of practicing law pursuant to the provisions of Article XI, of the Integration Rule governing The Florida Bar, 31 F.S.A.
On September 12, 1956, Sears was suspended from the practice of law by order of this Court pursuant to a judgment of the Board of Governors of The Florida Bar. The suspension was for an indefinite period. The factual background leading to the suspension is detailed in our opinion which approved the recommendation of the Board of Governors. State ex rel. The Florida Bar v. Sears, Fla., 89 So.2d 494.
On March 7, 1962, Sears petitioned for reinstatement. A referee was appointed to hear the evidence on the petition. At the hearing before the referee the Bar was represented by counsel but no evidence in opposition to reinstatement was offered. The referee recommended reinstatement. The Board of Governors, on October 15, 1962, approved the findings of the referee and entered its judgment reinstating Sears as a member of The Florida Bar. The record and judgment in the reinstatement proceeding are now before us for consideration.
The petitioner was admitted to the practice of law in 1951. He was convicted of the crime of grand larceny in January 1953. Despite the seriousness of the offense, which resulted in the suspension, the record now demonstrates that the petitioner has conducted himself in an exemplary fashion since his misprision and is entitled to another opportunity to resume his place in the practice of an . honorable profession.
At the hearing before the referee the President and President-elect of the Manatee County Bar Association gave testimony in behalf of the petitioner. Counsel for The Florida Bar made a complete investigation of the petitioner’s conduct in his community during the period of suspension. He found no one who had any information that would reflect adversely upon the petitioner. All of the evidence submitted to the referee tended to sustain his findings to the effect that the moral conduct of the petitioner has been above reproach. He has worked regularly as a laborer in the concrete finishing business. He has demonstrated a devotion to his family and his church. During the period of suspension he has purchased a home and has in every respect fulfilled his obligations as a husband and father. He is held in high esteem by his contemporaries in the community in which he resides. His reinstatement was recommended by a formal resolution of the Manatee County Bar Association. The referee found further that the petitioner has made a sincere effort to rehabilitate himself and make amends for what appears to have been the one serious mistake of his adult life. We further take into consideration the fact that the referee who heard the disciplinary proceeding originally recommended that if Sears should be granted a pardon and subsequently apply for reinstatement that his application should be favorably considered. While this referee originally recommended disbarment, the Board of Governors instead suggested suspension as the appropriate disciplinary action. At the same time, the Board of Governors likewise recommended that this Court apply disciplinary restrictions with extreme leniency. In our order approving the disciplinary recommendation of the Board of Governors we announced that the recommendation for leniency would be considered at such time as Sears might *524 apply for reinstatement. State ex rel. The Florida Bar v. Sears, supra.
Nearly ten years have elapsed since the <offense was committed. It has been six years since our judgment of suspension was filed. Although- the petitioner was originally sentenced to a term of five years in the State Penitentiary, he was pa- . roled after one year. On June 11, 1958, he was granted a full and complete pardon by the State Pardon Board.
In our opinion, In Re Petition of Dawson, Fla., 131 So.2d 472, we undertook to summarize various elements which should enter into our consideration in an application for reinstatement by one who has previously been removed from the practice of law. Measuring the showing made by this petitioner by the standard set ■out in the cited decision, we find that the petitioner has met the requirements. In the instant case there is the additional ■element that the petitioner was found guilty .of committing a serious crime. The complete pardon in and of itself would not alone be sufficient to justify reinstatement. Branch v. State, 120 Fla. 666, 163 So. 48; State v. Snyder, 136 Fla. 875, 187 So. 381. However, the pardon does indicate that the executive branch of government, which is charged with the responsibility • of investigating and determining whether a person has been completely rehabilitated, has found that this petitioner is entitled to resume his position in society, free of the taint of a conviction, in the exercise of his civil rights. We deem it appropriate, in considering an application for reinstatement after conviction of a crime, to give substantial weight to the fact that a complete pardon has been granted.
In view of the length of time this petitioner has been out of the practice, it is also of significance that he has undertaken to keep himself informed of developments in the law by his self-imposed discipline indicated by study in the county law ¡library.
It is appropriate to add that the Board of Governors has proceeded correctly in filing this record and judgment in this Court, Article XI, Integration Rule, as amended January 1962. This being the first reinstatement proceeding that has come before us under that rule, we consider it advisable to point out that inasmuch as the final disciplinary order is the responsibility of this Court, any reinstatement order necessarily becomes final only when approved by this Court.
Finding as we do that the judgment of the Board of Governors is adequately supported by the record, the petitioner Harry Lee Sears is hereby reinstated in the practice of law with all of the privileges and responsibilities incident to membership in The Florida Bar.
' It is so ordered.
ROBERTS, C. J., and TERRELL, DREW and CALDWELL, JJ., concur.