PER CURIAM.
The respondent in the case of State ex rel. The Florida Bar v. Hefty, Fla., 109 So.2d 161; The Florida Bar v. Hefty, Fla., 213 So.2d 422, and in The Florida Bar v. Hefty, #38,062, is the same. In the first decision a final judgment was entered suspending respondent from the practice of *369 law for a period of six months, the judgment to run from October 13, 19S8. Respondent had entered a plea of guilty to a charge by the Bar that he had settled a claim for a client without her approval; had written her signature upon a general release without his client’s knowledge or approval; and upon receipt of settlement funds had improperly disbursed them. In the second case a final judgment was entered disbarring respondent from the practice of law over his objection that a man’s personal life should not gauge his abilities as an attorney, and that his personal life should be his own, free from inroads upon it by those charged with policing the Bar. The court commented, “This decision is not to be stretched so that any peccadillos of a member of the Bar may result in disciplining the member, but is reached because of the enormity of the depravity of the man with whom we are dealing.”
In the cause, sub judice, against respondent for unethical conduct with reference to receiving and disbursing a client’s funds, the Referee recommended that respondent be suspended from the practice of law for one year, and pay the costs of the proceeding. The matter was considered by the Board of Governors and following such consideration, the “judgment” noted that the “Referee stated in his report that he knew of no other disciplinary history relative to the respondent” but that, “Unlike the Referee, the Board was aware of respondent’s past disciplinary history”. The Board then recommended that “the respondent, Caspar Hefty, Jr., be disbarred and that he pay the costs of these proceedings in the amount of $419.64”. Respondent has filed no objections to this order of the Board.
It appears that inasmuch as respondent has been previously disbarred by this court, no further judgment with respect thereto is necessary but that the record in this cause should be consolidated with the record in the two previous disciplinary actions against respondent for consideration and reference in the event respondent should make application to be reinstated. Cf. The Florida Bar v. Sherr, Fla., 179 So. 2d 337. Such application shall not be made earlier than six months after final judgment herein. Cf. Integration Rule 11.07 (5), 32 F.S.A. It is therefore
Ordered that the judgment be and the same is hereby entered against respondent Caspar Hefty, Jr., in the sum of $419.64 in favor of The Florida Bar for the costs of these proceedings for which let execution issue.
It is so ordered.
ROBERTS, Acting C. J., and DREW,
THORNAL, CARLTON and ADKINS, JJ., concur.