OWEN, Judge.
By petition for writ of certiorari we are called upon to review a final order of the Florida Real Estate Commission rendered on April 15, 1969, which denied with prejudice the petitioner’s application for registration as a real estate salesman. The order was entered without a hearing because the commission was of the view that it affirmatively appeared on the face of the application that petitioner did not possess the qualifications of good character necessary for registration.
The application, together with the various attachments submitted by the applicant, affirmatively showed the following. The applicant had been convicted of forgery in 1959, given a suspended sentence and directed to make restitution. The conviction resulted in his being disbarred from the practice of law. State ex rel. Florida Bar v. Englander, Fla.1960, 118 So.2d 625. In 1965, after making full restitution, applicant received a pardon from the State of Florida. He had had no further problems with law enforcement authorities, and as of the time he received a pardon in 1965, was conducting himself in an exemplary manner and had gained a good reputation for fair dealing.
We believe our decision in this case should be controlled by the decision reached by the Supreme Court of Florida in State ex rel. Corbett v. Churchwell, Fla.1968, 215 So.2d 302. Respondents contend that the cited case should not control our decision in the instant case because here the commission entered its order without having made an ex parte investigation as it had done in the Corbett case. In the first place, it should be pointed out that in the Corbett case the commission initially denied the application without an investigation because the application revealed on its face the applicant’s prior conviction of an offense in the Miami Municipal Court. Subsequently, the application was again denied after the commission had made its ex parte investigation. In the second place, it does not strike us as logical, nor do we believe it to be the holding of the Corbett case, that the respondent Real Estate Commission can by the simple expedient of failing to con *417 duct an investigation effectively eliminate the need for a hearing as required by Cor-bett.
While we recognize that a self-condemning application may be denied without a hearing, the application in the instant case was not in that category. Notwithstanding that the application showed applicant’s prior conviction of a felony and his disbarment from the practice of law as a consequence thereof, such was solely an index to applicant’s character at that time. The lapse of approximately ten years time, and the proof of applicant’s subsequent good conduct and reputation, together with a pardon from the State of Florida, was a sufficient affirmative showing of good character so as to require a hearing on this issue. This is required by fundamental concept of constitutional due process as well as provisions of the Florida Administrative Procedure Act. Larson v. Florida Real Estate Commission, Fla.App.1969, 227 So.2d 886.
Petitioner contends that the pardon granted to him by the State of Florida has the effect of blotting out his prior conviction and disbarment as matters which should be considered by the respondent Real Estate Commission, citing the case of Singleton v. State, 1896, 38 Fla. 297, 21 So. 21. This contention has been decided adversely to petitioner’s position in State v. Snyder, 1939, 136 Fla. 875, 187 So. 381 and Page v. Watson, 1938, 140 Fla. 536, 192 So. 205, 126 A.L.R. 249.
Respondents direct our attention to Section 475.18, F.S.1967, F.S.A., which grants to the commission broad discretion in the granting or denial of an application and expressly provides that the denial of an application shall not be reversed except upon a clear showing of an abuse of discretion or of an arbitrary and capricious ruling. Although we quash the order denying the application, it is not a determination on the merits nor are we herewith directing approval of petitioner’s application. We merely hold that on the particular facts of this case it was a denial of due process and a violation of the Administrative Procedure Act for the respondent Real Estate Commission to deny the application for registration without an adversary hearing on the issue of the applicant’s qualifications pertaining to good character.
The petition for writ of certiorari is granted and the order of the respondent Real Estate Commission rendered April 15, 1969, is quashed and this cause is remanded to the Florida Real Estate Commission for further proceedings in connection with petitioner’s application.
Certiorari granted.
WALDEN and REED, JJ., concur.