ERVIN, Chief Justice
(specially concurring).
I think it should be emphasized that Respondent has led a sober, law-abiding, exemplary life since the time of his suspension as an attorney in January, 1961. See State ex rel. The Florida Bar v. Ruskin (Fla.1961), 126 So.2d 142.
Subsequent to suspension from practice, in April, 1965 he was convicted of certain Federal offenses committed in 1959-61, i. e., the unlawful sale of securities (an activity primarily outside his former law practice), in the United States District Court in Miami, Florida, and placed on three years’ probation. The notice of The Bar to Respondent to show cause in these proceedings, mainly due to such conviction, emanated in October, 1965.
The Notice to Show Cause was issued in 1965 because Respondent’s conviction in the Federal Court for the Federal offenses and all matters relating thereto occurred afterwards or were not known to The Bar at the time of the earlier suspension proceedings against him. Respondent has not engaged in the practice of law since his suspension in January, 1961, never having been reinstated to the practice of law.
It appears to me that more consideration might have been given in the instant proceedings to the good conduct record of Respondent, including the fact he successfully completed his three years’ probation, since the commission of said offenses in 1959-61 and since his suspension from The Bar in 1961. His continuous good conduct record predates by several years the disbarment recommended in these proceedings. Compare, for analogous example, the views of the District Court of Appeal, Fourth District, in Englander v. Florida Real Estate Commission, 228 So.2d 415, p. 417.
Although it may have been proper for The Bar to enter an order for disbarment of Respondent because of the Federal conviction and matters related thereto to signify The Bar’s opinion that these derelictions also warranted official Bar notice, condemnation and disbarment in addition to the outstanding suspension, it appears to me simultaneous consideration might appropriately have been given to Respondent’s prior record of good conduct, including successful probation over the period of several years during which he has not been permitted to resume practice of law.
*16 In this regard, it is noted the Referee recommended suspension rather than disbarment, such suspension to terminate in 1972.
Rule 11.02, Integration Rules of The Florida Bar, provides in part: “The primary purpose of discipline of attorneys is the protection of the public, the legal profession, and the administration of justice, as well as the discipline of members of the Bar.” Pursuant to the reasonable intendment of this rule, it seems to me any future application of Respondent for reinstatement as a licensed attorney ought to be considered with due regard to the facts as attested by the record here reviewed: that Respondent has lived up to the ethical requirements befitting a good citizen the past nine years prior to the instant recommended disbarment. Such good conduct over this extended period of time, it seems to me, has operated to indicate sufficient rehabilitation of Respondent to attain the public interest protection required by the rule and should be deemed controlling of a timely application for Respondent’s reinstatement, absent, of course, a revelation of countervailing circumstances.
While our holding allows Respondent to resign as an attorney on condiion he shall be without leave to seek reinstatement, I am not sure that such condition is legally binding or that any attorney permanently disbarred or one resigning under such condition can be precluded constitutionally from seeking reinstatement.[1] In any event, the record before us does not indicate Respondent has not rehabilitated himself or that it is unlikely that he can demonstrate he is rehabilitated if he should subsequently seek reinstatement. Compare Florida Bar v. Penny (Fla.), 164 So.2d 5.

.Compare: 1. The Florida Bar v. Sherr (Fla.), 179 So.2d 337 (and particularly the special comments of Caldwell, J.). 2.The Florida Bar v. Dodd (Fla.), 195 So.2d 204. 3. The Florida Bar v. Burton (Fla.), 218 So.2d 748. 4. The Florida Bar v. Hefty, (Fla.) 220 So.2d 368.