United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 10, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 06-40136
Summary Calendar
_____

MELHEM NAJIB IBRAHIM,

Plaintiff-Appellant,

versus

DEPARTMENT OF HOMELAND SECURITY, et al.

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:05-cv-00139
--------------------

Before JOLLY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Plaintiff Ibrahim, a Lebanese citizen and lawful permanent resident of the United States since 1977, filed a naturalization application ("N-400) on May 5, 2004. After more than 120 days had passed without a determination on his N-400, Ibrahim, pursuant to 8 U.S.C. § 1447, applied to the United States District Court in the district of his residence for a hearing on the matter. At a bench trial addressing the matter, the district judge denied Ibrahim's application based on his failure to meet both the residency

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

requirements and good moral character requirement, both of which are necessary for naturalization.

Naturalization is not a natural right but a privilege. <u>Taylor v. United States</u>, 231 F.2d 856, 858 (5th Cir. 1956). The burden to prove that all of the statutory qualifications entitling one to this privilege rests with the applicant and all doubt is resolved in favor of the Government. <u>Id.</u> at 858. Under 8 U.S.C. § 1427(a), an applicant must show that he meets both the good moral character requirement and the residency requirements.

Because Ibrahim has failed to show that he meets the good moral character requirement, we need not reach the residency requirements. 8 U.S.C. § 1427(e) provides that the inquiry into good moral character is not limited solely to the five years preceding the filing of the naturalization application. Additionally, 8 U.S.C. 1101(f) provides, "For purposes of this chapter, no person shall be regarded as, or found to be, a person of good moral character who, during the period for which good moral character is required to be established, is, or was...(6) one who has given false testimony for the purpose of obtaining any benefits under this chapter." The record indicates that Ibrahim was arrested four times and fled the United States twice in order to avoid prosecution. Furthermore, there are numerous instances within the record of Ibrahim's false testimony on his N-400 and at the bench trial offered in an attempt to secure his status as a naturalized citizen of the United States. Therefore, we find error

neither in the district court's determination that Ibrahim was not a person of good moral character and nor its ruling that he should not become a naturalized citizen.

We AFFIRM.