## IN THE MATTER OF THE ALLEGED MISCONDUCT OF J. H. LATHERO.

26 So. So. (2nd) 667
June 21, 1946

January Term, 1946
En Banc

*J. B. Patterson,* for petitioner.

*Manley P. Caldwell,* President, *Harry W. Steward, Jr.,* Secretary and *Curtis E. Byrd,* as constituting the Circuit Court Commission of the Fifteenth Judicial Circuit, amicus curiae.

TERRELL, J.:

In April, 1940, J. H. Lathero of Fort Lauderdale was suspended from the practice of law for a period of 90 days for unprofessional conduct. The charge against him grew out of an employment by J. F. Dickey and another to purchase and foreclose some tax certificates. In this connection, he was furnished $575.00, all of which was not accounted for, though Mr. Dickey was introduced as a witness and testified that the account was still open, that the way things turned out he had saved money on the transaction, that he was satisfied with the present status of the matter, and that he was not urging a settlement.

In April, 1943, Lathero was disbarred from the practice of law for unprofessional conduct. The disbarment order was predicated on a charge that he drew his checks aggregating $268.50 in favor of named payees, that the checks got to the bank for payment before the money to pay them arrived, and that payment was refused. This transaction had no relation to the suspension charge.

In July, 1942, prior to his suspension, Lathero left the State and went to Ohio, where he worked in various industrial plants until the Fall of 1945, when he returned to Florida and filed his petition to be reinstated as a member of the bar. His petition was denied without prejudice, and the record was certified to this Court for examination under the rules. Both the cause of suspension and the cause of disbarment were considered in refusing reinstatement.

The question for determination is whether or not, under the showing made, the Court committed error in refusing to reinstate Lathero as a practicing attorney.

The trial court refused reinstatement on the theory that his conduct between the time he was suspended and the time he was disbarred indicated that he did not realize the gravity of his conduct and because the length of his residence in the state since he was disbarred had not been sufficient to permit the calling of members of the bar or others to testify in his behalf.

The petition for reinstatement was filed two and one half years after the judgment of disbarment. So far as the record discloses, his conduct during that period was above reproach. He testified in detail as to what he did during that period, and there was no countervailing evidence. A lawyer's professional and personal character is not bounded by state lines. If his testimony left any suspicion in inaccuracy or untruth, the Court had ample means at its command to contradict it, and it was as important that his out of state conduct be known as it was to have knowledge of his conduct in the state. He was not represented at the disbarment proceedings, though he was aware of them, and requested that they be continued until his return.

From the evidence in the case, petitioner should not have been suspended. The cause for which he was suspended is shown to have been an open account between him and his client, his client was not demanding settlement, admitted that he made money from its status quo, and, even at the time of disbarment, was not demanding a settlement. His suspension should not have been considered in connection with, nor should it have in any way influenced, the disbarment.

Under the rule promulgated by the majority of this Court on the petition of Stalnaker, 150 Fla. 853, 9 So. (2nd) 100, Lathero should have been reinstated. Stalnaker was suspended for one year and until such a day as he fully paid Florine Brandon $9,018.49. Florine Brandon was an orphan and a minor ten years of age. The $9,018.49 was a bequest from her grandfather. Stalnaker was counsel for her guardian, whom he induced to turn the money over to him without security, contrary to law and contrary to the trust imposed in him. He invested it in a real estate project which turned out to be worthless. He was suspended from the practice pending

restitutition. Eleven years later he had restored nothing but filed his petition for reinstatement. A majority of this Court granted his petition on the ground of penance without restitution.

The order of disbarment here was sufficiently predicated; the petitioner not only avows that he is penitent but also proposes to make restitution of every cent that formed the predicate for his disbarment. He could show no better evidence of penance. He is before this Court with a much better showing to warrant reinstatement than was Stalnaker. The writer of this opinion and Mr. Justice Whitfield dissented in the Stalnaker Case. I have not forsaken the doctrine of our dissent, but the rule promulgated by the majority is the law, and under that the petitioner should have been reinstated.

It follows that the recommendation of the Circuit Judges appealed from must be and is hereby denied and that petitioner be and he is hereby reinstated.

So ordered.

CHAPMAN, C. J., BUFORD, THOMAS and ADAMS, JJ., concur.

BROWN and SEBRING, JJ., dissent.