**IN RE: PETITION OF WILLIAM M. HURTENBACH FOR REINSTATEMENT AS ATTORNEY.**

27 So. (2nd) 348 June Term, 1946
September 20, 1946 En Banc

872

*William M. Hurtenbach,* in Pro. Per.

*Hugh Clinkscales,* president, for Circuit Court Commission of Dade County.

SEBRING, J.:

In June 1943, William H. Hurtenbach, an attorney at law practicing in Miami, was disbarred from the practice of law. The disbarment order was predicated on a charge that the attorney had been guilty of deceit and dishonest conduct in office in that he had taken money from potential clients as fees to represent them professionally but had not conducted their litigation or returned the fees advanced by them for such agreed services.

On January 24, 1946, Hurtenbach filed his petition before the Circuit Court for reinstatement to the profession. Attached to the petition was a paper signed by more than fifty reputable members of the Dade County Bar recommending that the petitioner be readmitted to practice. A hearing was held before the judges of the Dade County Circuit Court sitting en banc upon the merits of the petition. At the hearing testimony was given by certain members of the Dade County Bar, prominent and trustworthy public officials, former clients of the petitioner, and persons by whom Hurtenbach had been employed in private business after his disbarment. All of this testimony was to the point that in the

interim between disbarment and the petition for reinstatement, Hurtenbach had rehabilitated himself as a respectable, sober and industrious citizen; had made restitution to such clients as he had been able to find and as to whom he felt that he was indebted; and that he was willing to discharge any indebtedness claimed by other clients whom he had not been able to locate.

At the conclusion of the hearing four judges of the Circuit Court—the other two judges dissenting—entered an order finding (1) That the petitioner's defaults were induced by intemperance; (2) That the defaults of the petitioner were in not properly accounting for and paying over funds of his clients; (3) That satisfactory restitution has been made to all known claimants; (4) That petitioner has rehabilitated himself and is now worthy of reinstatement as a member of the bar of Florida, but that the jurisdiction of the court should be retained herein for the hearing of future complaints concerning future acts or past acts in event it shall be made to appear that complete restitution has not been made.

The purpose of a proceeding for reinstatement of a suspended or disbarred attorney at law is not to retry him for the misconduct or derelictions which brought about his suspension or disbarment but to determine whether or not at the time of his application for reinstatement the petitioner had been sufficiently rehabilitated in conduct and character to be safely authorized to practice law. Upon such a hearing the petitioner has the duty of showing the court that he is a person of good moral character whose conduct and reputation are such as to warrant his reinstatement as an attorney at law. See In Re Petition of Stalnaker, 150 Fla. 843, 9 So. (2nd) 100; Also Branch v. State, 120 Fla. 666, 163 So. 48.

We think that there has been an ample showing made to justify this court in entering an order reinstating the petitioner. No objections are offered by the Dade County Circuit Court Commission, or by other interested persons (except the two dissenting judges) to the entry of such an order. All of the testimony is to the effect that not only has the petitioner reformed and now leads a sober, industrious and law-abiding life, but that he is penitent, has made restitution to such for-

mer clients as he could locate, and proposes to discharge his obligations to the remainder if they can be found. In view of this testimony coming as it does from highly reputable members of the Dade County Bar, public officials, former employers of the petitioner, and several former clients of the disbarred attorney who were victims of his former course of conduct, we are of the view that the findings and recommendations of the majority members of the Dade County Circuit Court—among whom, incidentally, is the judge who entered the original disbarment order—should be followed, and the petitioner reinstated to practice.

The recommendations made to this court by the majority in number of the judges of the Dade County Circuit Court (Judges Williams and Milledge dissenting) is therefore hereby approved, ratified and confirmed by this Court, and the petitioner, William H. Hurtenbach, is hereby reinstated to the office of attorney at law and authorized to practice in all the courts of Florida.

It is so ordered.

CHAPMAN, C. J., TERRELL, BROWN, BUFORD, THOMAS and ADAMS, JJ., concur.