PER CURIAM.
A complaint was filed by The Florida Bar against Joseph L. Wolf, respondent, an attorney at law, on September 21, 1960. The complaint charged the respondent, a member of The Florida Bar, with forging an endorsement of his client to a check in the amount of $334 with intent to defraud; and with falsely uttering the same instrument.
The respondent, on September 30, 1960, filed an answer to the complaint alleging that he had a power of attorney from his client but admitting all of the remaining allegations of the complaint. In accordance with the .integration rule of The Florida Bar, the matter was referred to a referee, who conducted a hearing and filed his report with the Board of Governors of The Florida Bar. It appears from the report that the respondent, having been duly notified of the hearing, stated through counsel that he desired to present no testimony in support of his answer. On the basis of the matters brought out at the hearing and the admissions of the respondent, the referee found that the respondent was guilty as charged in the complaint and recommended that he be disbarred. The respondent waived in writing his right to file a reply or answer to the report of the referee.
On October 17, 1960, the Board of Gov-' ernors filed with the clerk of this court its judgment, in which the referee’s findings of fact and recommendation of disbarment were approved and adopted. The Board of Governors also assessed against the respondent costs in the sum of $107.25.
More than thirty days having now elapsed since the filing with the clerk of this court of the judgment of the Board of Governors of The Florida Bar together with the transcript of evidence and other records in the cause, and no petition for review of said judgment having been filed, and this court having duly considered the record in the said cause and said recommendations, it is ordered that the judgment of the Board of Governors of The Florida Bar that the respondent, Joseph L. Wolf, be disbarred from the practice of law and that he pay costs of this proceeding in the sum of $107.-25, be and the same is hereby approved and adopted as the judgment of this court as provided by Article XI, Section 5(e), Integration Rule of The Florida Bar, 31 F.S. A.
Execution is hereby directed to issue for the costs assessed against the respondent.
THOMAS, C. J., and TERRELL, HOB-SON, ROBERTS and DREW, JJ., concur.