131 So.2d 472 (1961)
In re: Petition of William B. DAWSON, III.
No. 30983.
Supreme Court of Florida.
June 28, 1961.
*473 Gerald R. Hart, Jacksonville, for petitioner.
Henry F. Martin, Jr., Jacksonville, for The Florida Bar, respondent.
THORNAL, Justice.
Petitioner Dawson seeks reinstatement to the privilege of practicing law pursuant to the provisions of Article XI(5) (i) of the Integration Rule governing The Florida Bar, 31 F.S.A.
We are called upon to determine whether the showing made by the petitioner is adequate to justify an order of reinstatement.
On April 29, 1959, petitioner Dawson was suspended from the practice of law for a period of eighteen months and continuously thereafter until he paid the costs of the proceeding and met the requirements of Article XI(5) (i) of the Integration Rule governing reinstatement. State ex rel. Florida Bar v. Dawson, Fla. 1959, 111 So.2d 427. His petition for reinstatement was filed in duplicate with The Florida Bar, November 2, 1960. A copy thereof was duly filed with this Court on November 3, 1960. Thereafter the Board of Governors appointed a reinstatement committee to hear such evidence as the petitioner might offer to support his request, as well as any evidence to be offered in opposition thereto. After an extensive hearing the reinstatement committee recommended that the petitioner be reinstated to a position in good standing upon the payment of costs incurred in the reinstatement proceedings. The report of the committee, however, requested certain rulings by this Court regarding the matter of reinstatement following suspensions. We shall discuss these points hereafter. In due course, the Board of Governors of The Florida Bar has recommended that this Court "give favorable consideration to the petition for reinstatement" and that "said petitioner have restored to him the privileges and responsibilities of a member in good standing of The Florida Bar." We now proceed to consider the recommendations of the Board of Governors and the reinstatement committee.
In appearing before the reinstatement committee, counsel for The Florida Bar insisted that petitioner Dawson should be required to comply with the rules of this Court relating to admissions to the Bar as promulgated November 1, 1955. The point of contention simply was that the petitioner had originally been admitted to practice under the so-called "diploma privilege" and that after having been suspended he should not now be reinstated unless he satisfactorily passed an examination to be given by the Board of Bar Examiners under the admissions rule last mentioned.
Although under Article V, Section 23, Florida Constitution, F.S.A., this Court has the power in any particular case to condition reinstatement after discipline upon a successful compliance with the rule governing original admissions, the fact remains that we have not yet entered an order of this type. No rule has been promulgated which would authorize such a requirement. Conceivably, a rule of this nature could be promulgated to cover situations where a member of The Bar has been out of the practice for an extended period of years because of a disciplinary order. Under such circumstances it is understandable that the public interest might require evidence of the lawyer's continued professional competency to resume the practice. In the instant case no such requirement was made by our order. The various opinions on this subject are typified by several decisions of the courts of other states. In re Stevens, 197 Cal. 408, 241 P. 88; Friday v. State Bar of California, 23 Cal.2d 501, 144 P.2d 564; Cantor v. Grievance Committee, 189 Tenn. 536, 226 S.W.2d 283; In re Keenan, *474 310 Mass. 166, 37 N.E.2d 516, 137 A.L.R. 781. Our view on this point simply is that, until this Court prescribes a rule otherwise, or unless the disciplinary order expressly requires the taking of a bar examination as a condition to reinstatement, no such requirement is authorized.
Although the reinstatement committee of the Bar was of the view that this petitioner should be permitted to return to the practice, it entertained some concern regarding the basic elements of the showing that should be made in order to support reinstatement.
We begin with the requirement that the burden is on the petitioner to establish that he is entitled to resume the privilege of practicing law without restrictions. The essential elements will, of course, vary with the particular case, depending primarily upon the requirements of the disciplinary order, as well as upon the nature of the offense which resulted in the disciplinary action. In general, the elements to which this Court will direct its attention are rather well exemplified by some of our prior decisions and certain general authorities. See In re Stoller, 160 Fla. 769, 36 So.2d 443; In re Lathero, 157 Fla. 630, 26 So.2d 667; In re Hurtenbach, 157 Fla. 871, 27 So.2d 348; In re McGregor, Fla. 1960, 122 So.2d 7; 7 C.J.S. Attorney and Client § 41; 5 Am.Jur., Attorney at Law, Section 301.
In sum, the authorities which we have cited suggest the basic elements which should be covered in the showing to be made by the petitioner. While these are not exclusive, they furnish a guide to our deliberations on the subject. Some of these elements which we consider are: (1) strict compliance with the specific conditions of the disciplinary order, such as payment of costs, as was required in this instance; (2) evidence of unimpeachable character and moral standing in the community; (3) clear evidence of a good reputation for professional ability; (4) evidence of a lack of malice and ill feeling by the petitioner toward those who by duty were compelled to bring about the disciplinary proceeding; (5) personal assurances, supported by corroborating evidence, revealing a sense of repentance, as well as a desire and intention of the petitioner, to conduct himself in an exemplary fashion in the future; (6) in cases involving misappropriation of funds, restitution is important. While restitution alone will not ordinarily justify reinstatement, it is only under exceptional circumstances that reinstatement should be allowed in the absence of restitution, or an extremely diligent effort to accomplish it. This should be the rule because restitution is symbolic of repentance, honesty and a desire to do the right thing under the circumstances. See In re Stalnaker, 150 Fla. 853, 9 So.2d 100.
In the ultimate, we will look to the evidence in each case to ascertain whether it supports a conclusion that the errant lawyer has so conducted himself personally and in the life of his community to justify a conclusion that he has repented of his misdoings, that the disciplinary order has impressed him with the vital importance of ethical conduct in the practice of law, and that he is morally equipped to resume a position of honor and trust among the ethical practitioners at the Bar. This is the pattern which an applicant for reinstatement must fit.
In the instant case the recommendation of the Board of Governors reports that the petitioner has paid the costs of the original disciplinary proceeding as prescribed by the order of this Court. The record before the reinstatement committee sufficiently establishes that the petitioner has conducted himself in a fashion that would appear to justify the restored confidence of his professional contemporaries, the public generally and this Court. This record has suggested that in the past the petitioner has been somewhat like a number of other young men in this highly competitive and materialistic era. They place money and the things which money can buy above *475 ethics and integrity and the position which those two qualities of character can establish for one in the community, even though the purse may be short of ready cash. However, it is now our conclusion that the evidence supports the recommendation of the reinstatement committee and the Board of Governors to the effect that the petitioner has earned the privilege of resuming his position as an active member of an honorable profession. The recommendation of the Board of Governors is approved. The petitioner William B. Dawson, III, is reinstated in the practice of law with all of the privileges and responsibilities incident to membership in The Florida Bar.
It is so ordered.
THOMAS, C.J., and TERRELL, HOBSON and O'CONNELL, JJ., concur.