THOMAS, Acting Chief Justice:
There seems to be no point of law in this case that warrants discussion and decision, therefore, no occasion for an opinion which would only serve to record in the Southern Reporter the misdeeds of the petitioner for which he now says he is sorry.
A number of prominent people in the community, including two ministers, a bank president, several members of the Bar, the Clerk of the Circuit Court, the Superintendent of Schools, and a Judge of the Criminal Court indicated that Williams since his disbarment had made a diligent effort to rehabilitate himself and deserved reinstatement.
On the other hand, the present president of the Bar Association and his two predecessors, the prosecuting attorney and the Board of Governors of The Florida Bar have taken a strong position against reinstatement. Moreover, the referee, a former judge of long experience and impeccable reputation, after extensive hearing and thorough study, stated he could not recommend reinstatement.
The petitioner was convicted of a conspiracy to thwart the prosecution of gamblers while he occupied a position of trust both as a member of the Bar and as Prosecuting Attorney. He pleaded guilty and served 10 months of a sentence of one year.
To our minds there is a basic imperfection in the character of a man posing as an honorable member of the profession and sworn before God well and faithfully to perform his duties as a prosecutor who “sells out” to the criminal element he is bound to police.
Bribery is an ugly word and the well deserved stigma that attaches to one who admits the offense cannot, and should not, be easily dissipated.
We do not think he has cured the flaw in his character by the mere passage of time after he has been caught and has confessed.
We affirm the order of the Board of Governors of The Florida Bar, adopt such judgment as the judgment of this Court and leave the petitioner to continue his existence beyond the aegis of The Florida Bar without prejudice, however, to his right to apply for reinstatement after the expiration of two years as provided under Integration Rule 11.10(12), 31 F.S.A.
It is so ordered.
ROBERTS, THORNAL, CALDWELL and ERVIN, JJ., concur.