PER CURIAM.
Petitioner seeks reinstatement to the practice of law following two years’ suspension and for such time thereafter until in accord with Rule 11.10 of Art. XI, Integration Rule, 31 F.S.A., he shall demonstrate to the Board of Governors of The Florida Bar and this Court that he is entitled to be reinstated in the practice upon making the showing required by said rule. See State ex rel. The Florida Bar v. Hathaway, Fla., 145 So.2d 483. The referee appointed by the Bar in these proceedings after hearing recommended that reinstatement be denied. Review was requested here and the matter has been heard on oral argument and briefs submitted by the petitioner and The Florida Bar have been studied.
Tentative views with respect to the final disposition of the petition have been expressed by individual members of the Court in conference subsequent to the argument. We are agreed, however, that the matter should not be disposed of finally until a *427 hearing can be held by the referee in the city of petitioner’s residence, viz., Punta Gorda, Florida, inasmuch as some thirty-six letters recommending reinstatement were submitted, the majority of which were from persons residing in Charlotte County, where petitioner resides, or residing in the judicial circuit in which petitioner formerly practiced. These letters came from public officials of the County, members of the legal profession as well as prominent citizens of the area.
Upon the objection of The Florida Bar, the referee rejected the admission and consideration of these letters of recommendation as hearsay, in view of the language of the rules governing the trial of reinstatement proceedings.
Upon study, we are of the opinion the referee was correct in sustaining the objection to the submission of the letters of recommendation. See Art. XI, Rules 11.10(5) and 11.13(4), Florida Bar Rules. For an excellent discussion on this point, see In re Keenan, 314 Mass. 544, 50 N.E.2d 785. However, we note from some of our earlier decisions that, in a number of disbarment and suspension proceedings, letters of this kind have been received in hearings therein and considered. See, for example, In re Pine (Fla.1949) 41 So.2d 546 and In re Hurtenbach (1946) 157 Fla. 871, 27 So.2d 348. Inasmuch as petitioner may well have concluded that such letters were submissible as a matter of accepted procedure because their receipt had been, permitted in earlier cases where apparently there was no objection, and, further, because pursuant to stipulation of the opposing parties the hearing in this matter was held in Tampa, Florida, primarily for the convenience of the referee who resides there (which may have disadvantaged the personal appearance of persons residing in Charlotte County or in the judicial circuit in which petitioner resides from appearing at the hearing), we conclude that a further hearing should be held in Punta Gorda by the referee in order that persons interested in the proceedings in the area may conveniently appear as witnesses to make recommendations or otherwise give testimony and be cross-examined.
It is the view of the Court that evidence from persons residing in the area of the petitioner’s residence and former practice as witnesses, particularly those desiring to make recommendations for or against reinstatement, should be considered as a part of the total evidence and testimony in order that a final determination of the issue of reinstatement may more properly be made.
Evidence already submitted, with the exception of said letters of recommendation ruled inadmissible, may be considered by the referee in his further consideration of the proceedings including any further evidence that the opposing parties may wish to submit relevant to the issue of reinstatement and particularly evidence of persons who may wish personally to appear as witnesses to make recommendations for or against the reinstatement.
Upon the conclusion of said hearing, the referee is directed to submit his report with his recommendation to the Board of Governors of The Florida Bar, the same to be considered as provided by the rules governing such proceedings.
It is so ordered.
THORNAL, C. J., CALDWELL and ERVIN, JJ., and KANNER, District Court Judge (Ret.), concur.
O’CONNELL, J., agrees to conclusion.