PER CURIAM.
This is a Bar discipline case. In March 1967 the Dade County Criminal Court of Record found respondent, Dermott J. Doyle, a member of The Florida Bar, guilty of committing three separate crimes against nature with two male youths. Respondent was subsequently transferred to the South Florida Mental Hospital under Fla.Stat. § 917.12, F.S.A., the Mentally Disordered Sex Offender Act. By early 1968, Hospital authorities concluded that respondent had satisfactorily undergone psychotherapy and respondent was returned to the jurisdiction of the Criminal Court of Record.
That Court appointed two licensed physicians, a psychologist and a psychiatrist, for the purpose of examining respondent relative to his mental condition and attitudes. These physicians joined with the superintendent of the Hospital, also a physician, in recommending that respondent be placed on a regimen of protracted probation and out-patient or private psychiatric treatment; none of these physicians saw any value in either imprisoning or hospitalizing respondent, primarily because he demonstrated satisfactory progress toward normalizing his deviant tendencies. After considering these recommendations along with his own observations and judgment, the Criminal Court of Record Judge withheld and stayed adjudication of respondent’s guilt, and respondent was placed on ten years probation with the condition that he continue psychiatric treatments.
Once on probation, respondent filed a petition for reinstatement to membership in good standing with The Florida Bar. He had been automatically suspended from practice following his convictions in 1967; this Court denied a petition for modification in May 1967. After respondent notified The Florida Bar of his desire to seek reinstatement, the Bar (acting pursuant to the Integration Rule of The Florida Bar, Article XI, Rule 11.08(4), 32 F.S.A.)[1] required respondent to show cause why disciplinary action should not be taken against him. In response, respondent alleged his rehabilitation through treatment at the hospital.
The matter proceeded to trial before a referee and extensive hearings were held in May and June of 1969. Ultimately the referee recommended that respondent not be re-admitted to the practice of law; that he be found guilty of violation of Article XI, Rule 11.08(4) of the Integration Rule; and that he be found to have violated Article XI, Rule 11.02(3) relative to moral conduct. The referee also recommended that as a disciplinary measure respondent should be disbarred from the practice of law in Florida. The Board of Governors concurred with the recommendation of the referee as to guilt and discipline.
In every disciplinary proceeding we are committed to imposing that discipline which we believe to be fair to the public, The Bar and the lawyer involved. This is no less true for having been said often. After careful review, we have decided that suspension subject to proof of rehabilitation, and not disbarment as recommended below, is proper in this case. As distasteful as respondent’s past conduct may have been, several competent physicians, all expert in their field, have determined that psychotherapy has returned respondent to apparent normalcy. They are of the opinion that this improvement will likely be sustained if respondent is kept on long term probation and continued psychiatric therapy. The Criminal Court Judge’s decision to withhold adjudication of guilt and place respondent on ten years probation conditioned on continued treatment, reflects the Judge’s confidence in these physicians. If respondent’s past actions were the result of being mentally disordered, and his treating physicians now profess that he has returned to normalcy, we think we should respect their judgment.
*691 However, medical opinion alone is not a carte blanche for readmittance into practice. Respondent has not been pronounced cured; instead, his physicians have recommended cautious probation and continued treatment. We, too, have an obligation to be cautious. Therefore, instead of reinstating respondent, we deem it necessary to direct that respondent be allowed to immediately file again for reinstatement so that his case may be weighed by a referee, this time without substantial emphasis upon respondent’s activities prior to being placed on probation by the Criminal Court of Record. Of course, respondent’s rehabilitation is to be measured according to the standards announced by this Court in In Re Dawson, 131 So.2d 472 (Fla.1961).
Accordingly, only so much of the judgment of the Board of Governors as requires the payment of costs by respondent in the amount of $1,302.30 is approved. Respondent remains under suspension pending demonstration of his rehabilitation under the terms of this opinion.
It is so ordered.
ERVIN, C. J., and ROBERTS, DREW and CARLTON, JJ., concur.
BOYD, J., dissents with opinion.

. The Integration Rule referred to herein is that which was in effect prior to July 1, 1969.