PER CURIAM.
This cause is before us on petition for review of the judgment of the Board of Governors of The Florida Bar dated June 22, 1970.
Petitioner was disbarred by Order of this Court effective August 1968, in a decision reported at 218 So.2d 748. On June 12, 1969, petitioner Burton petitioned for reinstatement to membership in The Florida Bar. This petition was filed under the Integration Rule in effect prior to July 1, 1969.
The Referee recommended that petitioner be reinstated to membership in good standing and pay the costs of the proceedings. The Board of Governors dismissed the petition for reinstatement on the grounds that it was premature.
After argument and upon consideration of the record, report of the referee and judgment of the Board of Governors we find that petitioner is entitled to be reinstated to membership in The Florida Bar at this time. In reaching this conclusion we have considered the fact that no evidence was offered against petitioner at the hearing ; that petitioner has repaid one client in full and is paying the other client faithfully and promptly on a weekly basis. The Referee in recommending reinstatement correctly applied the guidelines on rehabilitation set out in this Court’s opinion in Petition of Dawson, 131 So.2d 472 (Fla.1961).
Accordingly, it is ordered that petitioner, William M. Burton, Jr., be reinstated to membership in good standing in The Florida Bar and pay the costs of these proceedings.
It is so ordered.
ERVIN, C. J., DREW, CARLTON and BOYD, JJ., and SPECTOR, District Court Judge, concur.