257 So.2d 547 (1972)
PETITION of Joseph L. WOLF.
No. 40316.
Supreme Court of Florida.
January 26, 1972.
*548 Morison Buck, Tampa, for petitioner.
William Terrell Hodges, Tampa, and Norman A. Faulkner, Tallahassee, for The Florida Bar, respondent.
PER CURIAM.
Petitioner Wolf seeks reinstatement to the privilege of practicing law pursuant to the provisions of Article XI, Rule 11.11, of the Integration Rule governing The Florida Bar, 32 F.S.A.
The Referee, after hearing testimony and receiving documentary evidence, recommended that the petition for reinstatement be denied. The Board of Governors of The Florida Bar confirmed the findings of the Referee and joined in his recommendation that the petition for reinstatement be denied. We are called upon to determine whether the showing made by the petitioner is adequate to justify an order of reinstatement.
Petitioner, a lifelong resident of Tampa, Florida, is 71 years of age. He was admitted to The Florida Bar in 1931 and thereafter engaged in the practice of law, apparently as a sole practitioner, until April 11, 1939. At that time he was suspended for a period of five years. Subsequently, on December 7, 1960, petitioner was disbarred. State ex rel. Florida Bar v. Wolf, 124 So.2d 867 (Fla. 1960). Both the suspension and disbarment were based upon grounds of misappropriating funds of clients.
Petitioner first asserts that the Referee improperly considered petitioner's past disciplinary record, including the nature of the offense that led to his disbarment. This assertion is without merit, for the Referee may properly consider the prior disciplinary record of one seeking to be reinstated to The Florida Bar, including the number, similarity and gravity of his offenses. See Williams v. Board of Governors of The Florida Bar, 173 So.2d 686 (Fla. 1965).
Article XI, Rule 11.11(5) specifically provides that "the matter to be investigated and decided shall be the fitness of the petitioner to resume the practice of law."
The Integration Rule at every turn places emphasis upon the protection of the public and the image and integrity of The Florida Bar as a whole. The license to practice law is a privilege, not a right, and the lawyer who has been disbarred must sustain a heavy burden of proving his fitness in terms of integrity as well as professional competency. It is not enough merely to show that he has served a sufficient term of punishment. We discussed the elements to be covered by petitioner in seeking reinstatement in the case of In re Dawson, 131 So.2d 472 (Fla. 1961), as follows:
"We begin with the requirement that the burden is on the petitioner to establish that he is entitled to resume the privilege of practicing law without restrictions. The essential elements will, of course, vary with the particular case, depending primarily upon the requirements of the disciplinary order, as well as upon the nature of the offense which resulted in the disciplinary action. In *549 general, the elements to which this Court will direct its attention are rather well exemplified by some of our prior decisions and certain general authorities. See In re Stoller, 160 Fla. 769, 36 So.2d 443; In re Lathero, 157 Fla. 630, 26 So.2d 667; In re Hurtenbach, 157 Fla. 871, 27 So.2d 348; In re McGregor, Fla. 1960, 122 So.2d 7; 7 C.J.S. Attorney and Client § 41; 5 Am.Jur., Attorney at Law, Section 301.
"In sum, the authorities which we have cited suggest the basic elements which should be covered in the showing to be made by the petitioner. While these are not exclusive, they furnish a guide to our deliberations on the subject. Some of these elements which we consider are: (1) strict compliance with the specific conditions of the disciplinary order, such as payment of costs, as was required in this instance; (2) evidence of unimpeachable character and moral standing in the community; (3) clear evidence of a good reputation for professional ability; (4) evidence of a lack of malice and ill feeling by the petitioner toward those who by duty were compelled to bring about the disciplinary proceeding; (5) personal assurances, supported by corroborating evidence, revealing a sense of repentance, as well as a desire and intention of the petitioner, to conduct himself in an exemplary fashion in the future; (6) in cases involving misappropriation of funds, restitution is important. While restitution alone will not ordinarily justify reinstatement, it is only under exceptional circumstances that reinstatement should be allowed in the absence of restitution, or an extremely diligent effort to accomplish it." (p. 474)
The first aspect to be considered is the nature of the offense which resulted in the disciplinary action. Petitioner was disciplined twice for misappropriation of funds of clients. He was convicted of a felony as the result of the same transaction and lead to his disbarment. Another report of probable cause was submitted by the Grievance Committee but was not processed in view of the pendency of the complaint which resulted in petitioner's disbarment.
The second factor to be considered is evidence of "unimpeachable character and moral standing in the community." The third factor is "clear evidence of a good reputation for professional ability." A number of prominent people in the community, including three judges, representatives from the Naval Reserve and other organizations of military veterans, two lawyers, and two former clients, testified on behalf of petitioner. The two lawyers had never been associated with petitioner on any item of legal business. Two of the judges testified solely from their experience with petitioner during their careers as practitioners rather than as judicial officers, and neither had any knowledge of the seriousness of petitioner's prior misconduct. The third judge knew him only through their association in the Naval Reserve, not professionally, and was likewise uninformed as to his prior disciplinary record. The work which was performed for one of the clients was rendered during the mid-1930's. The other witnesses were social acquaintances who had never transacted any affairs with him in either a business or professional sense. Neither were they aware of the circumstances which resulted in his disbarment.
The next factor to be considered is evidence of lack of malice and ill feeling by petitioner toward those who by duty were compelled to bring about the disciplinary proceeding. He has failed to meet this requirement. Petitioner described the 1939 proceeding as a miscarriage of justice and feels that he should not have been disciplined in 1960. He complains that he was inadequately represented by counsel in both the criminal as well as the disciplinary proceeding.
The next element requires personal assurances, supported by corroborating evidence, revealing a sense of repentance, as well as a desire and intention of the petitioner *550 to conduct himself in an exemplary fashion in the future. The petition recites a number of unsatisfied judgments and alleges that petitioner has been financially unable to pay judgments which aggregate less than $1,000 in principal amount. On the other hand, the evidence shows that a trust with a value of approximately $130,000 was created by the petitioner, as settlor, and he receives an annual income yield of approximately $4,500 to $5,000 from this trust. Also, letters of commendation were secured from prominent citizens and attached to the petition, but none of the authors were advised concerning the intended use of the letters and only one appeared as a witness at the hearing.
A review of this record naturally results in sincere sympathy for petitioner and his family, as disbarment is the worst of all calamities to most lawyers. The essence of petitioner's contention seems to be that he has now suffered sufficient punishment and, having paid his debt, should now be reinstated as a member of The Florida Bar. If this were a criminal proceeding his evidence would be entitled to significant weight in passing upon an application for parole.
On the other hand, if the concept of discipline and the protection of the public, as well as the image of The Florida Bar, are to have any meaning at all, cases such as this must be viewed in the cold light of objectivity and without regard to personal sympathy. Viewed in this light, the instant record does not justify readmission of the petitioner as a member in good standing of The Florida Bar.
The petition for reinstatement is dismissed.
It is so ordered.
ROBERTS, C.J., and ADKINS, BOYD, McCAIN and DEKLE, JJ., concur.