PER CURIAM.
This cause is before us to review the report of the referee of the Board of Governors of The Florida Bar entered July 3, 1973. The referee found respondent guilty on numerous counts of professional misconduct and recommended that he be suspended from the practice of law in Florida for a period of six months.
Although respondent defended against the action below, he has failed to timely petition this Court for review of the findings and recommendations of the referee. Therefore, pursuant to Rule 11.-09(3) (f), of Article XI of the Integration Rule, 32 F.S.A., we adopt such findings and recommendations.
*2 The report of the referee reads, in pertinent part, as follows:
“After considering all of the pleadings, exhibits and evidence before me I find that:
“1. Respondent, during April 1970, received the sum of $30.00 by check of Henry Margolis drawn on the . account of The Klondike Corporation for the purpose of filing suit in the Small Claims Court on behalf of The Klondike Corporation . . . Said suit was never filed and respondent never gave his client a satisfactory reason for the failure to file the suit. No accounting was ever made to the client.
“2. On June 29, 1970, respondent received the sum of $18.80 from Henry Margolis on behalf of The Klondike Corporation . . . for the purpose of taking an appeal from an adverse judgment that had been obtained in a small claims court action. The appeal was never taken by respondent nor did respondent ever satisfactorily explain to his client or to the Referee his failure so to do, nor did he ever make an accounting to his client.
“3. Sometime in 1969 respondent received the sum of $22.50 from his client Henry Margolis for the purpose of advertising for sale two lots owned by Margolis at Port Malabar, Melbourne, Florida. Respondent failed to publish any such advertisement and failed to make a satisfactory explanation of this conduct to his client and failed to make any accounting of said funds to the client.
“4. On or about February 28, 1969, respondent received $25.00 from the same client, Henry Margolis, for the purpose of obtaining or establishing lost titles for two trucks. Respondent failed to obtain said titles, or attempt to do so, and he did not account for the $25.00.
“5. On another occasion Henry Mar-' golis gave respondent either $25.00 or $40.00 for the purpose of bringing suit against A. A. Bowling Supplies for an indebtedness owed by that concern to Mr. Margolis. Respondent never filed a suit and never gave his client a satisfactory explanation therefor and no accounting was ever made of the funds given to the respondent.
“6. On or about April 5, 1970, respondent was retained by Mrs. Maxine Gannaway of Key Largo, Florida to file step-parent adoptions on behalf of herself and her husband, William Edward Gannaway. On April 5, 1970, respondent was given $30.00 by Mr. and Mrs. Gannaway to use for the publication of the notice in such adoption proceedings. On April 13, 1970, respondent was given an additional $35.00 and on July 7, 1970, respondent was given another $100.00. As of July 7th, 1970, respondent had received a total of $165.00 for the work to be performed on behalf of these • clients with regard to such adoptions. Respondent did not file suit for the adoptions until November 9, 1970, although he had told his clients previously that he had filed the papers in the suit. . Respondent did not set the matter for final hearing until almost a year later, November 5, 1971, in Key West after many telephone calls from his clients. At the hearing Circuit Judge Lester refused to sign the order of adoption inasmuch as no publication had been made giving notice to the natural father of the children being adopted, although the clients had given the respondent a check on April 5, 1970, to pay for such publication. During the interim between November 9, 1970, and November 5, 1971, Mr¡ and Mrs. Gannaway made many calls to the respondent who always *3 promised that he would clear up the adoptions immediately. Respondent repeatedly told the clients that he had already taken care of everything while in fact he had done nothing. [T]he final judgment of adoption based thereon was not obtained until March 14, 1972.”
Recommendation of guilt by referee:
“I recommend that the respondent be found guilty as charged in the complaint and specifically that he be found guilty of violations of his oath as an attorney, and of Rule 11.02(4) of Article XI, of the Integration Rule and Disciplinary Rules 1-102 (A) 1, 1-102 (A) 4, and 6-101(A) 3, of the Code of Professional Responsibility [32 F.S.A.].”
Recommendation of discipline by referee:
“I recommend that the respondent be suspended from the practice of law in Florida for a period of 6 months and required to pay the costs of this proceeding before resuming the practice of law after such suspension.”
The record and the report of the referee having been examined by this Court, it is ordered that the recommendations of the referee as to guilt and discipline are approved and adopted as the judgment of this Court. The respondent, Samuel Rubin, is hereby suspended from the practice of law in the State of Florida for a period of six months and required to pay the costs of this proceeding before resuming the practice of law.
It is so ordered.
CARLTON, C. J., and ADKINS, BOYD, McCAIN and DEKLE, JJ„ concur.