PER CURIAM.
This matter is here on a petition for reinstatement to The Florida Bar. Petitioner was suspended from the practice of *258 law for six months by this Court’s order dated February 21, 1974.[1] Prior to the expiration of his six-month suspension, petitioner filed a request for reinstatement with The Florida Bar. An evidentiary hearing was conducted before a referee, at which time petitioner sought to establish rehabilitation [2] by his direct testimony, the testimony of one other witness and by filing four personal letters supportive of his petition. The Bar introduced evidence of petitioner’s prior disciplinary proceedings,[3] evidence of unsatisfied liens and judgments (at least one of which petitioner did not report in his required financial statement), and evidence of prior judicial directives seeking to require petitioner’s compliance with court orders (including jail time served for civil contempt). The Bar also endeavored to refute petitioner’s assertions of rehabilitation through cross-examination.
The referee filed a written report recommending against reinstatement, and the Bar’s Board of Governors voted to approve the recommendation. Petitioner brought the matter here and requests that we direct reinstatement, alleging (i) that the evidence shows rehabilitation sufficient to warrant his return to the practice of law, (ii) that the Bar erroneously introduced into evidence prejudicial matters unrelated to the issue of reinstatement, such as prior disciplinary and financial matters which were before this Court when his six month suspension was ordered, and (iii) that a refusal to lift the suspension upon this record is tantamount to disbarment.
We have reviewed the testimonial trans-script, the referee’s findings and all other pertinent documents, and we do not find any error in the recommendation against reinstatement.
The right to practice law is conferred or withheld on the basis of factors not customarily considered in the licensing of tradesmen or businessmen. Because of a lawyer’s interaction with the public, a wide range of factors may be considered in determining whether an individual shall be allowed to enter or resume this profession. An attorney once removed or suspended must demonstrate rehabilitation, and the burden of doing so requires more than recitations of intent and contrition. Unsatisfied judgments, and a failure to acknowledge judgment liens in a personal financial statement filed for the purpose of demonstrating reinstatement, are antithetical to an affirmative showing of rehabilitation.[4] They do not demonstrate that a lawyer suspended for “violations of his oath as an attorney” [5] has progressed in his understanding of professional responsibility to the point that he may now be reposed with the publi.'s trust.
Petitioner argues that evidence of prior disciplinary action should not be considered in a reinstatement proceeding because it should have been considered (whether it was or not), and would have been a factor, in the disciplinary proceeding which generated the suspension. We disagree.[6] It was proper for the referee to accept evidence of prior disciplinary proceedings, among other things, for the purpose of comparing prior and current conduct and the referee’s report in this case indicates that evidence of prior misconduct was considered for that express purpose. It was also proper for the referee to consider and weigh the degree of contrition *259 and the attitude expressed by petitioner at his hearing. The referee found these intangible factors wanting in petitioner’s case. Petitioner offered no corroborating evidence of repentence.[7]
 The referee found that petitioner had not met his burden of showing rehabilitation,[8] and the record supports the referee’s finding.[9] The referee’s report is approved. Petitioner may in due course again apply for reinstatement in accordance with Integration Rule 11.11.
ADKINS, C. J., and BOYD, OVERTON and ENGLAND, JJ., concur.
McCAIN, J., agrees in conclusion only.

. The Florida Bar v. Rubin, 289 So.2d 1 (Fla.1974).

. Petitioner’s right to practice law in Florida after a six-month suspension requires the approval of this Court based on a showing of rehabilitation. Fla.Bar.Integr.Rule, art. 11, rules 11.10(3), 11.11(10).

. In re Rubin, 150 Fla. 783, 9 So.2d 190 (1942) (suspension for ethics violations); State ex rel. The Florida Bar v. Rubin, 153 So.2d 716 (Fla.1963) (reprimand for professional misconduct).

. Petition of Wolf, 257 So.2d 547, 550 (Fla.1972).

. The Florida Bar v. Rubin, 289 So.2d 1, 3 (Fla.1974).

. Petition of Wolf, 257 So.2d 547, 548 (Fla.1972).

. Petition of Wolf, 257 So.2d 547, 549 (Fla.1972); In re Dawson, 131 So.2d 472, 474 (Fla.1961).

. In re Dawson, supra note 7.

. Fact finding in disciplinary matters should not be overturned unless wholly lacking in evidentiary support. State ex rel. The Fla. Bar v. Bass, 106 So.2d 77 (Fla.1958); State ex rel. The Fla. Bar v. Bennett, 246 So.2d 107 (Fla.1971). See also Integr.Rules 11.09 (3) (e) and 11.11.