PER CURIAM.
This cause is before us on petition for reinstatement to The Florida Bar by John A. Reed and report and recommendation of the referee. No timely petition for review has been filed with this Court by Reed pursuant to Fla. Bar Integr. Rule, art. XI, Rule 11.09.
On March 27, 1974, John A. Reed was suspended from the practice of law for one year and thereafter until he is able to demonstrate to the satisfaction of The Florida Bar that it can in all good faith recommend to this Court his reinstatement. Cf. The Florida Bar v. Reed, 299 So.2d 583 (Fla.1974).
Petitioner filed a petition seeking reinstatement as a member in good standing of The Florida Bar with The Florida Bar on September 2, 1975. Pursuant to Fla. Bar Integr. Rule, art. XI, Rule 11.11, the matter was referred to a referee appointed by the Board of Governors.
The referee summarized the evidence presented at the hearing on the petition for reinstatement, as follows:
“The Petitioner called no witnesses in his own behalf and offered no documentary evidence in his own behalf. The Petitioner was his sole witness.
“The Petitioner’s testimony can be summarized by saying he restated the information contained in his Petition filed with The Florida Bar and elaborated briefly on the matters set forth therein. The most that can be said for his presentation was that he offered personal assurances of good intentions for the future, which were uncorroborated. The main thrust of his plea was that he should be reinstated because he needed income and he had no other way to make a living.
“The evidence developed by The Florida Bar was as follows:
“1. Cross-examination of the Petitioner revealed that he had received a private reprimand from The Florida Bar for failure to properly represent his clients on July 12, 1968. He further admitted that he had been before the Grievance Committee of The Florida Bar on approximately six occasions for alleged misconduct.
“2. Attorney Mike Krasny of Melbourne testified that the Petitioner had actively represented a client in a divorce proceeding in opposition to Mr. Krasny as late as May 29, 1974, which was seven days after the motion for rehearing was denied on the suspension order. He further testified of an occasion when the Petitioner lied to him about a matter known to the Petitioner to be false. He further testified that the Petitioner’s reputation in the community for truthfulness and his reputation in the community and Bar for legal competence was bad.
“3. The Honorable Richard B. Mul-drew, Circuit Judge in the Eighteenth Judicial Circuit, testified that he had known the Petitioner for many years and that ‘he was constantly in trouble’. He further testified as to an occasion on which the Petitioner appeared in his Court during the period of the Petitioner’s suspension, at which time it was his impression the Petitioner intended to handle the divorce hearing but was prevented from doing so by the Judge himself.
“4. Peirce Wood, an attorney practicing in Brevard County, who was the referee in the proceedings wherein the Petitioner was suspended, testified that in his opinion the Petitioner had not been rehabilitated since he had not received any additional training or education since his suspension.
“5. William Potter, an attorney in Melbourne, Florida, testified that he had known the Petitioner for several years and that his reputation for truthfulness in the community and Bar was poor and that his reputation for legal competence in the community and Bar was poor.
“6. Mrs. Inez Smith Gant testified she employed the Petitioner in 1972 and 1973 to represent her in two matters, that the Petitioner told her he had filed the cases and that they would go to trial, that in fact the cases were never filed and one claim was lost by the running of the *776 Statute of Limitations. She further testified that she filed suit for recovery of the retainer she had paid the Petitioner and received a judgment against him in the County Court of Brevard County (Exhibit # 3 of The Florida Bar).
“7. Exhibit was placed into evidence showing the Petitioner had filed a petition for adoption in 1973 for a client but neglected to complete the case. The Petitioner admitted he did not complete the case. (Exhibit # 4 of The Florida Bar)
“8. An exhibit was placed into evidence which shows a stipulation signed by the Petitioner dated March 29, 1974. This stipulation was executed by the Petitioner as an attorney seven days after the motion for rehearing was denied in the suspension order. (Exhibit # 7 of The Florida Bar)
“9. An exhibit was placed into evidence being an agreement which was admitted by the Petitioner to have been prepared by him during the course of his suspension in 1975. The Petitioner claimed he had not prepared it to be signed, but only as a draft for the other attorney to use. (Exhibit # 8 of The Florida Bar)”
After evaluation of the evidence, the referee concluded that the petitioner failed to present any evidence of his rehabilitation, of his unimpeachable character and moral standing in the community, of his good reputation for professional ability or any corroboration of his personal assurances of good intentions for the future, and that petitioner represented himself in an unprofessional manner and demonstrated an absence of basic legal skills in his own defense. The referee further concluded:
“The Petitioner’s own testimony, the sole substance of his presentation, especially on cross-examination, was distinguished by his inability to recall or remember pertinent matters. His direct testimony was refuted by the testimony of attorneys and exhibits in evidence. The Petitioner’s testimony regarding facts relating to his misconduct was for the most part unbelievable.
“On the other hand, The Florida Bar clearly established that the Petitioner had violated the suspension order by practicing law during the time of his suspension. It was further established that he had failed to properly handle the interest of other clients, other than those previously charged. The only evidence as to his reputation and professional ability was adverse to his Petition.
“In the Petition of Dawson, 131 So.2d 472 (Fla.1961), the Supreme Court enumerated factors to be considered in applications for reinstatement and held that the burden is on the Petitioner to establish he is entitled to resume the privilege of practicing law. The Petitioner has totally failed to meet that burden.”
The referee thereupon recommends that the petition for reinstatement be denied.
Having carefully reviewed the record before us, we hereby approve the findings and recommendation of the referee.
Accordingly, the petition for reinstatement is denied and costs of these proceedings in the amount of $122.79 are hereby assessed against petitioner.
It is so ordered.
OVERTON, C. J., and ADKINS, BOYD, ENGLAND, SUNDBERG, HATCHETT and ROBERTS (Retired), JJ., concur.