PER CURIAM.
This matter is before the Court on Samuel Rubin’s petition for reinstatement, pursuant to Florida Bar Integration Rule 11.11, from a 1974 order suspending him from the practice of law for a period of six months. The Florida Bar v. Rubin, 289 So.2d 1 (Fla.1974). A previous petition for reinstatement filed by Rubin was denied in The Florida Bar Re: Petition of Rubin, 323 So.2d 257 (Fla.1975). After hearings on the petition, the referee submitted his report recommending that reinstatement be denied, and The Florida Bar has now filed that report here with its recommendation that we affirm the referee. Rubin has filed a brief in support of his request for readmission to the Bar, which we accordingly treat as a petition for review of the referee’s report under Integration Rule 11.09.
*455 Our review of the record developed before the referee in this case leads us to conclude, as it did in the first reinstatement proceeding, that Rubin has failed to carry either his affirmative burden of demonstrating rehabilitation, In re Dawson, 131 So.2d 472 (Fla.1961), or his burden of showing here that the referee’s report is “erroneous, unlawful, or unjustified”. Integration Rule 11.09(3)(e). Accordingly, the referee’s finding that Rubin is unfit to resume the practice of law is approved, and the petition for reinstatement is hereby denied. Rubin is directed to pay the costs of these proceedings in the amount of $302.50.
It is so ordered.
OVERTON, C. J., and ENGLAND, HATCHETT and ALDERMAN, JJ., concur.
BOYD, J., dissents.