PER CURIAM.
This proceeding is before us on petition of The Florida Bar to review a referee’s recommendation of reinstatement into the Bar. We have jurisdiction under article V, section 15 of the Florida Constitution, and approve the referee’s recommendation.
The Bar raises two arguments for disapproving the recommendation. First, the Bar argues that it was abuse of the referee’s discretion to deny the Bar’s motion for a continuance. It is within the referee’s sound discretion to decide whether to grant a motion for continuance. The Florida Bar v. Lipman, 497 So.2d 1165 (Fla.1986). Besides the untimeliness of the motion, the referee could reasonably have denied the motion on the ground that a delay was unnecessary. Regardless, there *565 is no indication whatsoever that the denial of the motion constituted abuse of discretion and, accordingly, it will be upheld.
Second, the Bar argues that Vernell has failed to demonstrate the requisite elements for reinstatement. However, the record reveals a basis for the referee’s conclusion that Vernell has rehabilitated himself and that he is remorseful. The Bar argues that Vernell has demonstrated malice and ill feelings towards those involved in bringing about the disciplinary proceedings. The Bar rests this allegation on statements made by Vernell at the reinstatement hearing that he believed that this Court’s decision to suspend him for 91 days was legally incorrect. Disagreement with a legal holding, in and of itself, is not evidence of malice. It is not uncommon that reasonable people disagree as to how a court disposes of a case without evidencing malice or ill-will towards the court. Frequently such disagreement arises within the court itself. We do not agree with the Bar that disagreement with this Court’s discipline ruling constitutes grounds for denying the petition for reinstatement.
Accordingly, Louis Vernell, Jr. is hereby reinstated into The Florida Bar, effective this date.
It is so ordered.
MCDONALD, C.J., and OVERTON, EHRLICH, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.