MODIFIED OPINION
PER CURIAM.
We have before us a petition for reinstatement to membership in The Florida Bar. We have jurisdiction pursuant to article V, section 15, Florida Constitution, and rule 3-7.9, Rules Regulating The Florida Bar. Although the referee recommends reinstatement, we find that Jahn should not be reinstated at this time.
In 1985 Jahn was convicted of two felonies, possession of cocaine and delivery of cocaine to a minor, and received two concurrent terms of imprisonment, after which this Court suspended him from the practice of law. The Florida Bar v. Jahn, 509 So.2d 285 (Fla.1987). In March 1988 Jahn filed a petition for reinstatement, but this Court did not appoint a referee until October 1988 because of Jahn’s delay in paying the costs assessed in the original disciplinary proceedings. The referee held a hearing in February 1989 and, finding that Jahn had his drug addiction under control and that he had rehabilitated himself, recommended reinstatement. The bar contests Jahn’s reinstatement, based on Jahn’s falsifying his resume and concealing his criminal history while seeking employment.
*1090 Jahn testified before the referee that several prospective employers refused to consider him further when he disclosed his felony convictions. He then purposely altered his resume to conceal his convictions, imprisonment, and suspension in applying for a position as a trust officer with NCNB and intentionally failed to disclose his past history in numerous interviews with NCNB personnel. NCNB hired Jahn, but, after receiving an anonymous tip about his criminal record, fired him immediately. The referee considered this incident and concluded: “Thus, the critical question is: ‘Which one is the real Michael Jahn — the one who kicked cocaine or • the one who lied to NCNB?’ In view of the totality of the evidence, I opt for the one who kicked cocaine.” The bar, on the other hand, sees this incident as demonstrating Jahn’s lack of rehabilitation.
“Reinstatement is more a matter of grace than of right and is dependent upon rehabilitation.” In re Stoller, 160 Fla. 769, 770, 36 So.2d 443, 444 (1948). A petitioner seeking reinstatement bears the heavy burden of establishing rehabilitation, and one element to be considered in regard to reinstatement is the petitioner’s character. In re Timson, 301 So.2d 448 (Fla.1974); In re Dawson, 131 So.2d 472 (Fla.1961). In this respect reinstatement is analogous to initial admission to the bar where we have held that an applicant’s demonstration of good moral character is necessary to protect the public. Florida Board of Bar Examiners re G.W.L., 364 So.2d 454 (Fla.1978). Finding a lack of good moral character is not restricted to acts reflecting moral turpitude, but, rather, includes “acts and conduct which would cause a reasonable man to have substantial doubts about an individual’s honesty, fairness and respect for the rights of others and for the laws of the state and nation.” Id. at 458. Anything less would not protect the public interest sufficiently.
Jahn points out that he has been suspended for more than four years. Practicing law, however, is a privilege, not a right. Petition of Wolf 257 So.2d 547 (Fla.1972). The mere passage of time is not evidence of rehabilitation. See id.
Jahn admitted that his primary motive for lying to NCNB was to secure a better-paying job in Miami so that he could leave Orlando. He also stated that he intended to make a full disclosure to NCNB eventually. Jahn told the referee that he had made a serious error in judgment. Demonstrating rehabilitation, however, requires more than recitations of good intent and contrition.
As the referee found, Jahn is conquering his drug addiction, and we sympathize with his plight. This Court does not operate in a vacuum and we recognize that this is a highly competitive and materialistic society. But, “if the concept of discipline and the protection of the public, as well as the image of The Florida Bar, are to have any meaning at all, cases such as this must be viewed in the cold light of objectivity and without regard to personal sympathy.” Wolf, 257 So.2d at 550. We cannot condone placing money and the things money can buy above ethics and integrity.
A referee’s findings of fact are presumed to be correct and will be upheld if supported by competent substantial evidence. The Florida Bar v. Della-Donna, no. 69,324 (Fla. June 29, 1989). Jahn’s lying, primarily for personal pecuniary gain, casts so much doubt on his character and his fitness to practice law that we must agree with the bar that the referee erred in recommending reinstatement at this time. Therefore, we deny the petition. Judgment for costs in the amount of $1,296.56 is hereby entered against Jahn, for which sum let execution issue.
It is so ordered.
EHRLICH, C.J., and OVERTON, McDonald, shaw, barkett, GRIMES and KOGAN, JJ., concur.