PER CURIAM.
We have for consideration a petition for reinstatement to the practice of law. We have jurisdiction. Art. V, § 15, Fla. Const.
On May 12, 1988, this Court suspended Seldin from the practice of law for two years. The Florida Bar v. Seldin, 526 So.2d 41 (Fla.1988). The facts resulting in the suspension are stated in our prior opinion on this matter. Id. His reinstatement was conditioned on proof of rehabilitation, making restitution in the amount of $10,-000 to the estate of Robert A. Stephenson, attaining a passing score on the ethics portion of The Florida Bar exam, and paying the costs of the disciplinary proceeding. The referee concluded that Seldin has strictly complied with the specific conditions of the disciplinary order.
Seldin argues that he has complied with all of the requirements in the Order of Suspension entered by this Court. He states that the acts for which he was convicted arose from a single, isolated incident that he deeply regrets. Even though Sel-din maintains he does not feel morally guilty of the violations, he contends that he bears no ill will to the judge, the legal system, or the public and that he has accepted his punishment with dignity.
In Petition of Wolf, 257 So.2d 547 (Fla. 1972), this Court enunciated six conditions a petitioner must meet when seeking reinstatement to The Florida Bar. These elements are:
*1320 (1) strict compliance with the specific conditions of the disciplinary order, such as payment of costs ..(2) evidence of unimpeachable character and moral standing in the community; (3) clear evidence of a good reputation for professional ability; (4) evidence of a lack of malice and ill feeling by the petitioner toward those who by duty were compelled to bring about the disciplinary proceeding; (5) personal assurances, supported by corroborating evidence, revealing a sense of repentance, as well as a desire and intention of the petitioner, to conduct himself in an exemplary fashion in the future; (6) in cases involving misappropriation of funds, restitution is important.
Id. at 549. We also stated that the nature of the offense that resulted in the disciplinary action is to be considered. Id.
In The Florida Bar In re Vernell, 520 So.2d 564 (Fla.1988), this Court approved a petition for reinstatement on grounds there was evidence in the record that Vernell was remorseful. The bar claimed that Vernell was not remorseful based on his statement that he believed the decision to suspend him was legally incorrect. Id. at 565. We held that reasonable people may disagree as to how a court disposes of a case without evincing malice or ill-will toward the court. Id.
Here, the bar contends that Seldin failed to comply with two of the elements. First, the bar alleges that Seldin failed to produce evidence of unimpeachable character and moral standing in the community. Second, the bar alleges that Seldin failed to establish personal assurances supported by corroborating evidence, revealing a sense of repentance and a desire and an intention to conduct himself in an exemplary fashion in the future. We respectfully disagree.
Seldin called an attorney with whom he had worked on at least two prior cases to testify on his behalf. The witness testified that he knew Seldin’s reputation for honesty is “pretty good” based upon his prior experience with Seldin and that he never heard any “bad reports about him from other lawyers ... with whom have dealt [sic] with him.” On cross-examination, the witness testified that when Seldin had his problems he and other attorneys were of the opinion that Seldin was an honest individual “and would continue to be once he saw his way through this problem.”
The Florida Bar attempted to impeach Seldin by attacking his statement in his petition; by efforts to impeach the witnesses Seldin presented; and by unsubstantiated charges questioning the propriety of Seldin’s 1983 or 1984 tax return. The referee concluded that Seldin’s statement was not misleading and did not support denial of his reinstatement; that the witnesses were credible in support of his reinstatement; and that the bar presented no evidence to support whether the questioned income should have been declared in 1983 or 1984 or that the 1984 return did not include the income. We agree that the bar has been unsuccessful in its attempts to impeach Seldin.
Seldin has also demonstrated evidence of personal assurances, supported by corroborating evidence, revealing a sense of repentance, as well as a desire and intention to conduct himself in an exemplary fashion in the future.
In Wolf, we failed to find such evidence because the petitioner had a number of unsatisfied judgments that totalled less than $1,000, when at the same time he created a trust of $130,000 from which he received an annual income. Also, letters of commendation from prominent citizens were attached to the petition, but none of the authors were advised of the intended use of the letters and only one appeared as a witness at the hearing. Wolf, 257 So.2d at 550.
The Florida Bar claims that Seldin failed to establish this element of rehabilitation because he stated in his petition that he did not feel morally guilty. However, the referee found that Seldin explained by clear and convincing evidence, credibly and *1321 truthfully, what he meant. Citing Vernell, the referee found that these statements do not reflect a lack of remorse nor any failure to comply with the requisites for reinstatement.
As in Vernell, the record in the present case demonstrates that Seldin is remorseful. In his petition, Seldin states that he feels no ill-will toward the judge, the legal system, or the public. When questioned, Seldin stated that although he did not feel “morally wrong,” he knew that he was “legally wrong.” Even though he claims that he lacked an intent to violate the ethics code, he agrees that his conduct was substandard and has expressed remorse.[1]
Unlike Wolf, Seldin has no outstanding judgments and he also called witnesses to testify about his feelings of remorse.[2] The Florida Bar claims that Seldin has a pending civil suit that he failed to mention in his petition. However, the referee found that this suit originated prior to his suspension and that the results would have no impact on the referee’s decision.
We adopt the referee’s findings that Sel-din has demonstrated clear and convincing evidence of the six elements enunciated in Wolf, 257 So.2d at 549.
Additionally, although the referee found that The Florida Bar did not timely comply with discovery due to an inadvertant oversight, Seldin agreed to waive any requests for affirmative sanctions against the bar for such a failure.
Accordingly Keith A. Seldin is hereby reinstated into The Florida Bar, effective this date. Judgment for costs in the amount of $908.90 is entered in favor of The Florida Bar, for which sum let execution issue.
It is so ordered.
SHAW, C.J., and OVERTON, McDonald, barkett, grimes, KOGAN and HARDING, JJ„ concur.

. When questioned about his statement, Seldin responded:
Did I have ill will and a guilty mind to do it, no, to this day, I believe that, and am I sorry that it happened, yes, and if I had to do it over again, would I do it, no, but I did not intend for what happened to have happened, and I did not intend for it to appear the way it happened, but it happened, and I was found to be wrong, and I accept that.

. One witness stated that even though Seldin felt little remorse in the beginning he gradually became remorseful. Another witness, a former client of Seldin’s, testified as follows:
He [Seldin] said that he was proven wrong in this case, and that after the facts were laid out, he realized that he was wrong, he was sorry he did it and wouldn't have done it had he known it was wrong, and he said that he lost his career, and that he was in bad shape